DENNIS R. BOGUE AND JOHN H. GRANGER, SURVIVORS, ETC.,
v. BROWSE T. PRENTIS.

*Simultaneous writs of summons—Technical irregularities—Time of filing declaration—Proof of non-appearance.*

Where two writs of summons were simultaneously issued in the same case by different officers, the plaintiff in error, in a record that exhibits them only as allied proceedings in one case, cannot claim that they began two distinct suits, if only one was practically instituted. And the defect in procedure is within the statute of amendments. Comp. L. § 6051, subd. 1.

Circuit court rule 16 requires that in suits begun by original writ the declaration shall be filed within twenty days from the return-day of the writ and the defendant shall have ten days thereafter in which to appear. *Held*, that where the declaration was not filed till the twenty-first day after the return-day and default was entered on the thirty-first day and a few hours less than ten days, and there was no reason to suppose that there was any intent to appear or that defendant was prejudiced, error would not lie for the defect in practice. Comp. L. § 6051, subd. 13.

An entry of default for non-appearance without filing express proof of the failure to appear is not ground for reversal on error, where there has been in fact no appearance and the defendant is not prejudiced. The omission to file this proof may be cured *nunc pro tunc* in the lower court.

Error to Wayne.   Submitted Oct. 14.   Decided Oct. 19.

ASSUMPSIT.   Defendants bring error.   Affirmed.

*Geo. D. Lincoln* and *Ed. E. Kane* for plaintiffs in error. In computing time under the rules of court the day on which any paper is filed or served is to be excluded, and that on which answer is required is included: Circ. Ct. Rule 15; 1 Burr. Pr. 142; *Hoffman v. Duel* 5 Johns. 232; *Cock v. Bunn* 6 Johns. 326; *Thomas v. Douglass* 2 Johns. Cas. 226; *Charles v. Stansbury* 3 Johns. 261; *Gillespie v. White* 16 Johns. 117; *Drake v. Andrews* 2 Mich. 204; the phrase "within ten days" gives the whole of the tenth day: *Thompson v. Thomas* 11 Mich. 274; judgment by default

cannot be entered merely for want of appearance: See 1 Tidd Pr. 465–7, 477, 512, 563; 1 Arch. Pr. 112, 116, 120; 2 id. 8; 1 Graham Pr. (3d ed.) 666–7; 1 Burr. Pr. 136, 138, 370; 1 Paine & Duess Pr. 618; an affidavit of non-appearance must be entered before entering an order *pro confesso: Eaton v. Eaton* 33 Mich. 306.

*Geo. A. Chase, Alfred Russell* and *H. M. Campbell* for defendant in error.    One who has overlooked an irregularity and taken steps in the case afterwards cannot then object to the bad practice: *Jones v. Dunning* 2 Johns. Cas. 74.

GRAVES, J.    It appears from the return to the writ of error that the two writs of summons were issued in the same case at the same moment and were served and returned together, the sole distinction between them being that one was *teste'd* in the name of the then chief justice of this court and the other in the name of Judge Reilly.    The plaintiffs in error are precluded from contending that the two precepts effectuated the commencement of two distinct suits: because the record brought up in answer to their own writ of error and on which record they are demanding the judgment of the court, exhibits the two writs of summons as allied proceedings in the one case, and it is only necessary to read them to perceive that they are exact counterparts in every particular except as to the officer mentioned in the *test*.    Whatever may have been the force of the one or the other or of both together it is now certain that nothing more was practically accomplished than the commencement of this suit.    The state of the case as formulated by the plaintiffs in error admits it, and the circumstance that the clerk saw fit to send out two writs instead of one does not appear to have worked prejudice.    Only one set of proceedings and one judgment followed.    The only effect produced was that of one process and it is not material to inquire now which was regular and which not.

Whatever was technically amiss is cured by the statute. Comp. L., subdivision 1 § 6051.    The default for want of appearance was not entered until the arrival of the 31st day

succeding the return-day of the summons. But as the declaration was not filed until the 21st day it lacked a few hours of being on file for the full literal time given to the party by the rule of court to make his appearance subsequent to the first 20 days. There is no reason to suppose that this caused the least prejudice. No offer to appear seems to have been meditated until long afterwards. The writ of error cannot prevail for this practice. Subdivision 13 of § 6051.

The criticism on the form of the rule for default is not well grounded. *Wilcox v. Sweet* 24 Mich. 356. At the time of entering default and down to the 6th of September, 1880, there had in truth been no appearance. This is admitted. But the plaintiffs' attorney neglected to place on file any express proof of the non-appearance. This negligence of the attorney is no ground for reversing the judgment on writ of error. The defendant has not been injured. See statute last cited. The omission might have been cured *nunc pro tunc* in the court below. The case calls for no further notice.

The judgment should be affirmed with costs.

The other Justices concurred.