GOEBEL BREWING CO. *v.* MEDBURY.[1]

1. JUDGMENT—ACTION—PLEADINGS—SURPLUSAGE—EFFECT.

Where the declaration in an action on a judgment contains sufficient allegations as a declaration on a justice's judgment, it will support a judgment against a defendant who had full opportunity after personal service to present his objections in the usual way, though it also contains allegations showing invalid proceedings by which a transcript of the judgment was attempted to be filed in the circuit court, and the declaration purports to be upon the judgment as a circuit court judgment; since the fact that the declaration contains more than sufficient should not be permitted to defeat it.

2. SAME—DEFAULT JUDGMENT—ASSESSMENT OF DAMAGES—ORDER —ENTRY NUNC PRO TUNC.

Where in an action on a judgment defendant's default was entered without any order for the assessment of damages, and several months later the circuit judge heard the case on assessment of damages, and entered judgment accordingly, a subsequent order amending the default order nunc pro tunc so as to provide for an assessment of damages by the court was properly granted, no appearance having been entered or step of any kind taken by the defendant.

Error to Wayne; Donovan, J. Submitted April 14, 1908. (Docket No. 75.) Decided May 26, 1908.

Debt by the Goebel Brewing Company against Samuel Medbury and others for the amount of a judgment. There was judgment for plaintiff, and defendant Medbury brings error. Affirmed.

*Jonathan Palmer, Jr.* (*Elbridge F. Bacon*, of counsel), for appellant.

*Lewis A. Stoneman*, for appellee.

BLAIR, J. On July 10, 1896, the plaintiff obtained a

[1] Rehearing denied September 10, 1908.

judgment against the defendant Medbury and others after personal service of summons upon him, plea of the general issue and participation in the trial. No appeal was taken from this judgment and its validity is not questioned. Afterwards a transcript of the judgment was filed in the circuit court.

On the 9th day of July, 1906, suit was commenced in the Wayne circuit court by summons, which was later personally served upon defendant Medbury, as appears by the return of the officer and proof of service filed February 28, 1907, as well as by his affidavit filed in answer to an affidavit by Medbury denying such service. On the 1st day of March, 1907, plaintiff filed its declaration, in substance as follows:

"For that, whereas, the said plaintiff heretofore, to wit: on July 10th, 1896, before John McKinley, Esq., a justice of the peace in and for the city of Detroit, said county and State (Simpson Docket No. 1,359) recovered a judgment against the said defendants for the sum of $371.29, which judgment was afterwards, to wit: on September 11th, 1896, removed from said justice's courts of the city of Detroit, to the circuit court for Wayne county, Michigan, by transcript, which transcript appears as transcript No. 2,811 in the files and records of said circuit court for Wayne county, Michigan, and thereupon, to wit: on September 11th, 1896, by the consideration and judgment of said circuit court for Wayne county, Michigan, the said plaintiff recovered against the said defendants the sum of money above demanded, being the sum of $373.29 for damages and costs of said transcript, which sum of money, in and by the said circuit court, was then and there adjudged to the said plaintiff for its damages which it had sustained, as well as by reason of the nonperformance by said defendants of certain promises and undertakings then lately made by the said defendants to said plaintiff as for its costs and charges by it about its suit in that behalf expended, whereof said defendants were convicted, as by the record and proceeding thereof remaining in said court more fully appear, and which said judgment still remains in full force and effect, not reversed, satisfied or otherwise vacated, and the said plaintiff has not obtained any execution or satisfaction of or upon the said judgment so

recovered, as aforesaid, whereby an action has accrued to said plaintiff to demand of and from the said defendants the sum of money above demanded."

May 16, 1907, defendant's default was entered, without reference to the clerk or otherwise, for an assessment of damages, and on October 2, 1907, judgment on default was entered for $667.21 and costs, as assessed upon a hearing for that purpose by the circuit judge.

October 24th, defendant Medbury moved to vacate the judgment and default rendered against him in said cause. This motion was heard October 28th and denied November 15, 1907. On October 28, 1907, the default order of May 16th was amended nunc pro tunc so as to provide for an assessment of damages by the court. On the 29th day of October, 1907, defendant Medbury filed a written request for findings of facts and law, and on December 9, 1907, the court made and filed such findings, resulting in a determination that plaintiff was entitled to an order overruling the defendant's motion. On the same day, defendant Medbury filed proposed amendments "to the several findings of law," which were refused, and thereupon he filed exceptions to the findings of law and the refusal to amend the findings of law.

All of these proceedings, including the testimony and proceedings before the circuit judge on the assessment of damages October 2d, counsel for defendant Medbury have incorporated in a bill of exceptions and bring the record here for review by writ of error upon 15 assignments of error and numerous subdivisions.

The only defense against the judgment of the justice's court, apparently rendered on a promissory note, is the bar of the statute of limitations. Conceding the invalidity of the transcript proceedings, they left the justice's judgment in full force, and if the declaration in this case may be treated as a declaration on that judgment, the judgment of the circuit court was supported by the declaration. We think it may be so treated. It contains sufficient allegations for such purpose, and the fact that

it contains more than sufficient should not be permitted to defeat it at the instance of one who had full opportunity after personal service to present his objections in the regular way.

The circuit judge, having heard the case on assessment October 2d, after several months had elapsed, and no appearance having been entered or step of any kind taken by defendant, was justified in entering the order nunc pro tunc. *Bogue* v. *Prentis*, 47 Mich. 124; *Steers* v. *Holmes*, 79 Mich. 432.

The only record before us is the common-law record brought up by the writ of error. The defendant was not entitled to findings of fact or of law. *Brown* v. *Haak*, 48 Mich. 229; *Stafford* v. *Crawford*, 118 Mich. 285.

The judgment is affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and CARPENTER, JJ., concurred.