## Philip Jhons v. The People.

*Burning property with intent to injure insurers.* On the trial of one accused of burning property with intent to injure insurers, if a contract between the owner of the property burned and the insurance company, is proved, which is valid between the parties, the company would be injured by the burning, and the accused would be liable if he committed the act, whether he himself had ever dealt with the corporation or not. If there is property insured, and an insurer subject to be injured, the statute will apply to any intentional destruction of it in fraud of such insurer.

JHONS *v.* PEOPLE.

*Insurance companies: Corporate existence: Statute construed.* The failure of an insurance company, otherwise duly incorporated, to file a certified copy of its articles of association, etc., with the county clerk, as required by the statute (*Sess. L. 1859, p. 1083,* § 9), cannot be set up by private persons to avoid corporate contracts; this provision was not designed in any way to affect the validity of contracts, but simply to facilitate the means of proving the corporate existence.

*Corporations: Agents.* Corporations may appoint agents by parol.—*Detroit v. Jackson,* 1 Doug. Mich., 106.

*Officers de facto.* Persons in the actual and unobstructed exercise of office, must be held to be legal officers, except in proceedings where their official character is the issue to be tried as against themselves; the title to office can never be tried collaterally.—*Cahill v. Kalamazoo Mut. Ins. Co.,* 2 Doug., 124; *Druse v. Wheeler,* 22 Mich., 439.

*Peremptory challenges.* It is not error to allow a prosecuting attorney, after having accepted the jury as first made up, and after one of them has been challenged peremptorily by the defendant, and another has been drawn in his place, to challenge peremptorily one of those originally drawn; the right to interpose a peremptory challenge is not lost until the jury are sworn.—*Hunter v. Parsons,* 22 Mich., 96.

*Defective record: Discretion.* A conviction for burning insured property with intent to injure the insurers, will not be set aside because a witness for the prosecution was allowed, after the defendant's case was closed, to answer a question bearing upon the value of the property insured, where the record does not show that it was not in rebuttal of evidence in defense, or that it was beyond the legitimate discretion of the court.

*Error not presumed.* Assignments of error based upon rulings permitting questions to be answered against objection, will not be considered where the record does not disclose the answers given, or that they were prejudicial to the plaintiff in error; it will not be presumed, in such case, that the questions were answered in any particular way, or that the plaintiff in error was prejudiced.

*Heard October 9.     Decided October 15.*

Error to Washtenaw Circuit.

*C. Joslin* and *G. V. N. Lothrop,* for plaintiff in error.

*Dwight May, Attorney General,* and *H. J. Beakes,* for the People.

CAMPBELL, J.

The plaintiff in error was convicted of burning certain threshing machines, with the intent to injure the insurers, The German Farmer's Fire Insurance Company.

A question is presented involving the legal existence of the insurance company for corporate purposes, which was made one of the main points in controversy on the argu-

ment. No objection seems to have been made to the testimony introduced on the trial, and the point, so far as we can judge, was first raised on the closing arguments, and appears before us in the exceptions to the judge's charge. It is doubtful how far it is properly open to consideration here, but as it was discussed in the charge, we shall dispose of it.

The insurance law, under which the company acted, requires certain preliminary steps, and the preparation of articles, called in the law a charter, to be filed with the secretary of state. This charter is to be approved by the attorney general (if found in proper form and properly executed), and the attorney general is to certify such approval to the secretary of state, who is thereupon to appoint three persons, who are to certify, under oath, the payment of stock, or the possession of capital and assets required by law. The statute then proceeds in the following terms: "Copies of such certificate shall be filed in the office of the secretary of state, *whose duty it shall then be to furnish the corporation with a certified copy of the charter and certificates aforesaid,* which, upon being filed by them in the county clerk's office of the county in which such company is located, shall be their authority to commence business and issue policies, and the same may be used in evidence for or against such corporation."—*Sess. L., 1859, p. 1083,* § *9.*

The objection here seems to be, that no proof was given that the copy of certificates and charter furnished by the secretary of state, had been filed in the clerk's office.

The insurance shown, was admitted to be such as could be lawfully made, if the company was in condition to act under the statute. The inquiry is, therefore, narrowed down to the question, whether a policy made before filing such papers with the county clerk, is void.

The statute very clearly recognizes the corporation as existing as soon as the secretary of state receives the certificates of the attorney general, and of the persons appointed to make the examination into the assets. It imposes an absolute duty on the secretary, to furnish copies to be filed in the county. If he should refuse to do so, the remedy by *mandamus* must evidently be sought, not by unincorporated individuals, but by the "corporation" to which he was directed by law to furnish them.

There being, then, a corporation capable of contracting, on the performance of certain things to be done after the corporate existence is perfect, the question, whether it is a body corporate, does not arise; and we are only to see whether a failure to perform the conditions referred to by a corporation in being, can be set up by private persons to avoid corporate contracts.

We find no support for any such doctrine. The statute has not declared such contracts void, and the rule seems well settled, that they are, at most, but violations of duty to the state, which the state can punish by proceedings to forfeit the charter, or enforce penalties for the misdemeanor. The validity of corporate action, as between the parties, was discussed in *Swartwout v. Mich. Air Line R. R. Co.*, *24 Mich.*, *389*, and it is not necessary to consider the subject at length. If there was a contract in existence between the owner of the property burned and the insurance company, which was valid between the parties, then the company would be injured by the burning, and the accused would be liable if he committed the act, whether he, himself, had ever dealt with the corporation or not. It was held in *Cahill v. Kalamazoo Mutual Ins. Co.*, *2 Doug. R.*, *124*, that a party dealing with a corporation is estopped from denying its legal existence; and had the filing of papers in the county clerk's office been prelim-

inary · to corporate existence, the party insured could not have disputed it. But, under the insurance law, we think this provision was not designed in any way to affect the validity of contracts. The right to do business so as to bind itself, was complete as soon as there was a recognized corporation, and that was found when the papers were perfected in the office of the secretary of state. The obvious purpose of the statute, in requiring the copies to be filed in the county, was to facilitate the means of proving the corporate existence, and not to create it. And having entered upon the full exercise of all its franchises, and being estopped from denying its own action, the destruction of property insured, would create a direct liability to respond, and a consequent injury. And, as decided in *People v. Jones, 24 Mich., 215,* this is all that need be inquired into on such an indictment. If there is property insured, and an insurer subject to be injured, the statute will apply to any intentional destruction in fraud of the insurer, whoever that insurer may be.

Objection was also made to parol proof of the authority of agents, and of the official character of the corporation officers. The latter question was decided in *Cahill v. Kalamazoo Mutual Ins. Co.,* before cited, and in *Druse v. Wheeler,* ·*22 Mich. R.,* *439.* Persons in the actual and unobstructed exercise of office, must be held to be legal officers, except in proceedings where their official character is the issue to be tried as against themselves. As intimated in the latter case, the title to office can never be tried collaterally. The power of a corporation to appoint *agents* by parol, was recognized, and asserted, in *City of Detroit v. Jackson, 1 Doug. R., 106,* as beyond controversy.

The prosecuting attorney, on the trial, having accepted the jury as first made up, one of them was challenged peremptorily by the defendant, and another was drawn in his

place.    Thereupon the prosecuting attorney was allowed to challenge peremptorily one of those originally drawn.    This was excepted to.    But we held, in *Hunter v. Parsons, 22 Mich., 96,* that the right to interpose a peremptory challenge, is not lost until the jury are sworn; and the challenge therefore was regular.

We also think there was no error in allowing a witness for the prosecution, after the case of the defendant was closed, to answer a question bearing upon the value of the property insured.    The record does not show that it may not have been directly in rebuttal of evidence in defense, and if not, there is nothing to enable us to see that it was beyond the legitimate discretion of the circuit judge.    The record does not fully disclose what defendant's proofs tended to show.

Several assignments of error are based upon rulings permitting questions to be answered, which were excepted to, but the answers to which are not given.    The law can never infer that a party has been injured in matters of testimony, by any thing but the admission of improper evidence, or the exclusion of his own proofs.    It can never be presumed that a witness has answered a question in any particular way, when no answer is returned in the record. The party excepting, can show what the answer was, and if he does not see fit to introduce it into the bill of exceptions, there can be no presumption that he was prejudiced.

A similar remark will apply to an objection made to allowing one of the witnesses, on cross-examination, to answer whether he had not taken, and kept, a certain telegram.    The case does not show what it was, or how it had been introduced into the cause; and it is impossible, without further statements, to see whether it had any bearing or not, or how the evidence affected the controversy.

It is also objected, that the charge of the court permit-

ted the jury to convict, even if the property had not been insured by the company named in the record. This is a mistaken construction of the charge. The language will not bear that meaning. No insurance had been considered in the cause, except the particular one referred to in the proceedings as made by that insurance company. The court distinctly required, as a condition of conviction, that the jury must find, "that the property was insured as claimed, so that the contract of insurance was an existing contract at the time of the fire." This language is plain and clear, and could not possibly be misapplied.

We find no error in the record, and the judgment must be affirmed.

The other Justices concurred.