CHARLES BEWICK ET AL. v. GEORGE N. FLETCHER.

*Reference—Re-committal—Statute of amendments—Waiver.*

The omission to enter an order of reference is cured by the Statute of Amendments. Comp. L., §§ 6050–2.

A reference may rest on the written consent of the parties. Comp. L., § 5808.

A stipulation to refer contained a direction to the referee to report within a certain time. He did not report till much later.

*Held* that a party, by opposing a motion to set aside this report waived any objection for delay.

A court can, on motion, re-commit a report to a referee for the correction of an error.

A general assignment of error in rendering judgment upon a referee's report will not sustain the objection that the report was bad for want of specific findings.

Error to Superior Court of Detroit. Submitted June 5. Decided June 11.

Assumpsit. Defendants bring error.

*Henry M. Duffield* for plaintiffs in error. The power to order a reference is wholly statutory, *Walworth v. Village*, 17 Wis., 195; after a jury is demanded it can be made only by consent (Comp. L., § 5809), which may be conditional, and if the report is not filed within the time fixed in the stipulation, the right to refer is taken away, *Hills v. Passage*, 21 Wis., 294; *Dunn v. Sutliff*, 1 Mich., 24; *Hall v. Hall*, 3 Conn., 308; *Bagley v. Eaton*, 10 Cal., 140; *Lafayette v. Jenners*, 10 Ind., 80; the authority of a referee ceases when he has made his report, and is not revived by an order vacating it, Morse on Arbitration, 228; *Pratt v. Stiles*, 17 How. Pr., 211; *Smith v. Warner*, 14 Mich., 152; a referee's report that has no findings of fact or conclusions of law as required by Comp. L., § 5811, is fatally defective, *Bogardus v. Trinity Church*, 4 Sandf. Ch., 691; *Carroll v. Grand Trunk Railway*, 19 Mich., 94; *Bazille v. Ullman*, 2 Minn., 134; *Roberts v. Carter*, 28 Barb., 462; *Buckingham v. Payne*, 36 Barb., 81; 11 U. S. Dig. (N. S.), 638, par. 251–2.

*Moore, Canfield & Warner* for defendant in error. Delay in filing a referee's report is not material where the parties assent to the report, *Livingston v. Gidney*, 25 How. Pr., 1; *Foster v. Bryan*, 26 id., 164; *Mantles v. Myle*, id., 409; *Foster v. Bryan*, 16 Abb. Pr., 396; *Gori v. Smith*, 3 Abb. Pr., (N. S.) 51; *Keller v. Sutrick*,

22 Cal., 472; a referee's report may be recommitted for correction, *Snook v. Fries*, 19 Barb., 313; *Brittingham v. Stevens*, 1 Hall, 379; *Smith v. Sprague*, 40 Vt., 43; *McDaniels v. McDaniels*, id., 340; the omission of findings of fact or conclusions of law from the report of a referee does not avoid it, *Platt v. Thorn*, 8 Bosw., 574; *Peck v. Yorks*, 14 How. Pr., 416; *Califf v. Hillhouse*, 3 Minn., 311; *Brainerd v. Dunning*, 30 N. Y., 211; *Carman v. Pultz*, 21 N. Y., 551; *Ludington v. Taft*, 10 Barb., 453; *Ladd v. Lord*, 36 Vt., 197; *Eddy v. Sprague*, 10 Vt., 216; *Niles v. Price*, 23 How. Pr., 473; *Grant v. Morse*, 22 N. Y., 323; *Van Slyke v. Hyatt*, 46 N. Y., 259; *Gove v. Hammond*, 48 How. Pr., 385; where a stipulation is made referring a case to referees, and providing that judgment shall be entered on their report, the court retains jurisdiction, *Healy v. Gilman*, 6 Robert., 479; *Dederick's Admrs. v. Richley*, 19 Wend., 108; *Jones v. Cuyler*, 16 Barb., 576; *Exp. Wright*, 6 Cow., 399; where parties consented to the entry of judgment on reference in a case to which the statute authorizing references did not apply, it was held that the judgment was by consent and could not be reversed, *Yates v. Russell*, 17 Johns., 461; *Green v. Patchen*, 13 Wend., 293; *Camp v. Root*, 18 Johns., 22; *Townsend v. Masterson*, 15 N. Y., 587; *Hughes v. Peaslee*, 50 Penn. St., 257; *Townsend v. Moore*, 13 Tex., 36.

GRAVES, J. Fletcher sued on the money counts to collect certain tolls and dues he demanded as assignee of the Alpena Harbor Improvement Company. December 31, 1875, the parties and their counsel signed a stipulation to refer the case to William E. Warriner. This stipulation contained some special provisions not strictly germane to an agreement to refer and among them one directing the referee to report to the court in three months. These matters were not expressed as conditions and do not seem to have been meant by the parties or their learned counsel as qualifications of the reference

itself, and in view of the professional assistance which the parties had it would be very difficult to conclude that anything of that sort was intended. Having entered into this stipulation to refer, the parties neglected to enter any order under the stipulation.

November 24, 1876, or nearly a year later the referee filed his report. It was in general terms and simply stated that a certain sum was due from plaintiffs in error to Fletcher. The plaintiffs in error made no objection whatever. But defendant in error alleged that the referee in writing out his report had made a clerical mistake by which the amount due was reported at a sum several hundred dollars less than the true one, and he produced the affidavit of the referee affirming this representation and fully explaining the mistake and the way it happened, and he moved that the report might be taken from the files and that it be referred back for a correct report. The plaintiffs in error strenuously resisted the motion, and objected against taking the report off the files, and against reference back, but the court granted the motion. All the parties hitherto had recognized the case as in court, and the proceeding under the stipulation as a reference.

April 6, 1877, the referee filed a corrected report. This was in general terms also. May 10, 1877, the plaintiffs in error treating the *action* as still in court, filed several exceptions to this last report and asked that it be set aside, and on the second of June following the court overruled the exceptions and denied the motion; and on the 10th of the succeeding November judgment was entered on the report.

The defendants below then brought error and their counsel now urges several objections to the proceedings. It is not too much to say that the practice in the case has been very loose, and that counsel seem to have proceeded on a tacit understanding that strict regularity would not be insisted on, and the main incongruities are due to this influence. It is objected that the ref-

eree did not report within three months as directed by the stipulation. It is enough to say in reply that if this direction was of any force in court the parties waived it. The first report was not filed until long after the expiration of the time, and yet the plaintiffs in error opposed setting it aside, and strongly insisted that it should stand.

Another objection is that no order was entered to empower the referee to act, and that the case went out of court and rested with the referee as arbitrator only.

The omission to enter an order was only a neglect of form, and is cured by the statute, Comp. L., §§ 6050, 6051, 6052.

The stipulation which was sanctioned by the signatures of counsel and framed, as we must suppose with their approval, expressed and required a reference, and the insertion of certain particulars foreign to the chief object did not operate to turn the parties out of court. No such result was meditated, and the course of the parties and their counsel has been in contradiction of such a consequence. The positions taken after the first report show, that neither side suspected or desired a discontinuance, and the whole tenor of the proceedings is inconsistent with the idea that the submisson was one to arbitrate, and that the action was ended. The written consent of the parties was sufficient to found a reference (L. 1861, p. 158, § 3: Comp. L., § 5808), and as before stated, the neglect to enter an order is cured by the statute. Considering the course of practice pursued and in view of the positions and conduct of the parties, we must hold the proceeding was a reference; no room is left for any other construction.

The recommitment to cure the mistake was not error. L. 1861, p. 160, § 9; Comp. L., §§ 6050, 6051, 6052.

It is urged that the report was bad for want of specific findings. This objection is met by a similar one in respect to the assignments of error. There is no special charge of error that the referee did not find spe-

cially. The only allegation which can be claimed to relate to it is quite too general to avail anything. *Altman v. Wheeler*, 18 Mich., 240.

What has been said is sufficient to dispose of the case, and as no error of which plaintiffs in error can complain is made out, the judgment must be affirmed with costs.

The other Justices concurred.