## The People v. Eugene Labadie.

*Criminal law—Jury—Challenge to the array—Argument of counsel.*

1. It is good ground of challenge to the array that the sheriff drew the names from the box, instead of the clerk, as required by How. Stat. § 7567.

2. The statutes which establish the rule for the drawing of jurors leave no discretion in the officers designated to conduct such drawing, but plainly indicate *how* the proceeding shall be conducted. *People v. Hall*, 48 Mich. 486.

3. The right of a respondent to the aid of counsel in making his defense is as well secured under our laws as his right to be tried by jury, and on a trial for assault with intent to murder the time such counsel should occupy in addressing the jury, within the limits of circuit court rule No. 63, should be left discretionary with the counsel when acting in good faith.

Error to Van Buren.   (Mills, J.)   Argued June 28, 1887. Decided July 7, 1887.

Information for assault with intent to commit the crime of murder.   Reversed.   The facts are stated in the opinion.

*O. N. Hilton* and *William H. Tucker,* for respondent.

*Moses Taggart,* Attorney General, for the People.

Sherwood, J.   The respondent in this case was informed against in the Van Buren circuit court for the crime of assault with intent to murder Henry Hotaling.

The cause was tried at the last January term, and respondent was convicted, and sentenced to imprisonment for the term of four years.   Respondent brings error.

But two exceptions were taken to the rulings of the court, and error is assigned thereon as follows:

"1. The court erred in not sustaining the challenge made to the array of the panel of the jury who tried said cause.

"2. The court erred in not allowing the attorneys for respondent but one hour in which to address the jury on the facts involved in said cause, and in limiting their remarks to one-half hour each."

It appears from the record that, when the cause was reached at the circuit, a jury was called, and, before being sworn, counsel for the respondent challenged the array of jurors called, alleging a large number of reasons, and among them that, when the panel of jurors was obt^ined, the names were drawn from the box by the sheriff, and not by the clerk.

The record shows that this allegation is true, and, if so, the challenge to the array was well taken. The statute was not complied with. It was the duty of the clerk to take the names from the box. How. Stat. § 7567; *Atkinson v. Morse,* 63 Mich. 276.

The statutes which establish the rule for the drawing of jurors leave no discretion in the officers designated to conduct such drawing, but plainly indicate how the proceeding shall be conducted. *People v. Hall,* 48 Mich. 486.

Mr. Justice GRAVES, speaking for this Court in the case of *Gott v. Brigham,* 45 Mich. 429, while considering this section of the statute, and speaking of the duties of the clerk on these occasions, said:

"The Legislature have seen fit to provide expressly that the clerk, and no one else, shall handle the box, and draw therefrom in the presence of the officer or officers attending, and that one of the attending officers shall keep a minute of such drawing. The law has apportioned the duties with extreme care. The list and box are under the sworn custody of the clerk. His oath of office applies to the duty of drawing, and the oaths of the others apply to the duties assigned to them; and. if they exchange duties, their respective oaths do not accompany the exchange."

The law has so apportioned the duties of the several officers who are to serve in securing the jury provided by the Constitution to try the respondent that the clerk must take the

names from the box, and no officer or court can legally dis-regard this plain provision of the statute.

The other question raised and discussed by counsel under the first assignment of error it is not necessary to discuss, as there is no probability of their recurrence on a new trial.

The second assignment of error relates to the limitation of ·time for the argument of the counsel for respondent before the jury. Two counsel were engaged on the part of the respondent, and the court limited the time for argument to an hour on each side. The defense were refused more time. The case was an important one to the respondent, as the verdict. clearly shows. The trial had lasted nearly two days. How many witnesses were sworn for the people does not appear. Six names, however, appear upon the information, and two were sworn on the part of the defense, and the circuit judge states in his return that about four and one-half hours were consumed in taking the testimony.

Rule 63 of the circuit court, as amended in 1885, reads as follows:

"The plaintiff shall in all cases, except when otherwise ordered by the court, commence the evidence. On the trial of issues of fact, one counsel only on each side shall examine and cross-examine witnesses. No less than one hour on each side shall be allowed to counsel, if desired, in summing up a case, and not more than two, unless the court shall otherwise order."

The right of the respondent to the aid of counsel in making his defense is as well secured under our laws as his right to be tried by jury, and in a criminal case like the one under consideration the time such counsel should occupy in addressing the jury, within the limits of the rule, should be left discretionary with the counsel when acting in good faith. He knows, or is supposed to know, the strong points in his case upon the facts, and it is impossible for the court to know in advance the course decided upon, or length of time he may require in presenting the argument, and in illustrating his position.

We think the request of the counsel in this case for the full time allowed under the rule was a reasonable one, and should have been granted.

For the errors mentioned, the verdict and judgment must be set aside, and a new trial will be allowed.

CAMPBELL, C. J., and CHAMPLIN, J., concurred. MORSE, J., did not sit.