FORNIA v. WAYNE CIRCUIT JUDGE.

1. STATUTES—TITLE—EXPRESSION OF OBJECT.
   Anything included in a statute which is not germane to the general purpose as expressed in its title will bring the statute within the prohibition of article 4, § 20, of the Constitution.

2. SAME.
   The title of Act No. 31, Pub. Acts 1903, viz.: "An act to regulate the method of procedure and the practice of the law in the circuit court for the county of Wayne," is broad enough to cover the drawing of juries upon the trial of causes in said court, and is not, because it provides for the drawing of juries, repugnant to article 4, § 20, of the Constitution.

3. COURTS—TERMS—DRAWING OF JURORS—CONSTITUTIONAL LAW.
   Act No. 31, Pub. Acts 1903, § 3, regulating practice in the circuit court for the county of Wayne, and providing in section 3 for the drawing of a fresh panel of jurors once in each calendar month, neither abolishes the terms of court, nor provides for twelve terms, nor for one continuous term, in such manner as to render the act repugnant to article 6, § 11, of the Constitution, which requires that four terms of the circuit court shall be held annually in counties of 10,000 inhabitants.

4. STATUTES—AMENDMENTS—REPEALS—VALIDITY.
   Act No. 31, Pub. Acts 1903, substituting the county clerk for the Wayne county jury commissioners in drawing juries for

that county, and not otherwise changing the procedure, and not assuming in terms to revise, alter or amend any prior act or section of an act, but by various transfers of duties, having an amendatory effect by implication, does not conflict with the provision of the Constitution requiring acts amended or revised to be republished at length, though it contains a clause which repeals all inconsistent acts.

5. JURY—DRAWING—IMPROPER OFFICER.

Under section 3 of Act No. 31, Pub. Acts 1903, requiring the county clerk of Wayne county to draw the jury in that county, a jury drawn by a member of the board of jury commissioners is. illegal and is subject to challenge, though drawn in the presence of the clerk.

Mandamus by Susie M. Fornia to compel Robert E. Frazer, circuit judge of Wayne county, to set aside an order sustaining a challenge to the array of a certain jury. Submitted June 2, 1905. (Calendar No. 21,149.) Writ denied June 29, 1905.

*James Swan*, for relator.

*J. Walter Dohany* (*Timothy E. Tarsney*, of counsel), for respondent.

McALVAY, J. This is an application for a mandamus against one of the Wayne circuit judges, requiring him to proceed with the trial of a certain cause pending in said court before a jury, wherein relator is plaintiff and the city of Detroit is defendant. After the jury in said case was duly impaneled and sworn, defendant filed a challenge to the array for the following reasons:

"1. The act under which said jurors have been drawn and taken their seats for the trial of this cause is Act No. 31 of the Public Acts of 1903, which act is void because it violates article 4, § 20, of the Constitution of the State of Michigan.

"2. The twelve jurors who have been drawn and who have taken their seats in the jury box for the trial of this cause were not drawn as is described by section 3 of Act No. 31 of the Public Acts of 1903."

The circuit judge held the challenge well taken upon

both points raised, and declined to proceed further with the trial of the case. All proceedings were held in abeyance pending an application and hearing in this court to review such action.

Article 4, § 20, of the Constitution, provides, "No law shall embrace more than one object which shall be expressed in its title.  *  *  *" It is well settled that anything included in a statute which is not germane to the general purpose as expressed in its title will bring such a statute within the prohibition of the Constitution. The purposes of this constitutional provision are familiar to the profession, and need not be discussed. The title of Act No. 31 of the Public Acts of 1903 is as follows:

"An act to regulate the method of procedure and the practice of the law in the circuit court for the county of Wayne."

It is claimed that it is not broad enough to cover the drawing of juries upon the trial of causes in said court; that this would not be included within the fair and reasonable meaning of the words of the entitling, "to regulate the method of procedure and the practice of the law." The words used are broad enough to include every act and proceeding usual and necessary in the procedure and practice of the law in the circuit court for Wayne county, and this to us would seem to have been the clear intent of the legislature. It is true that this act does not cover the entire field of such procedure and practice, and treats only of the making up of the docket of cases for trial and the drawing of juries. The drawing of juries is a part of the procedure and practice of the law in the courts, and to provide how and when juries are to be drawn is within the entitling of the act in question.

It is urged by respondent that the act in question is in conflict with the Constitution (article 6, § 11), in that it abolishes the terms of court of Wayne county, and operates either to provide for twelve terms or for one continuous term of court each year. We do not so construe the

act. The terms of court are not referred to directly or by implication. The drawing of a new panel of jurors each month as provided by this act cannot be considered as abolishing or changing the regular terms of court.

Section 5 of the act reads, " All acts and parts of acts inconsistent herewith are hereby repealed." Before this law was enacted the jury commissioners of Wayne county, under the provisions of Act No. 204 of the Public Acts of 1893, made out the jury lists and drew the juries for the circuit courts. The law of 1903 under discussion provides (section 3):

" The county clerk shall, under the direction of the circuit judges of said circuit court, in the manner authorized by law, once in each calendar month, draw a fresh panel of citizens qualified for jury duty to sit and act as jurors in said court."

" The manner authorized by law " refers to the law in force in Wayne county as provided by Act No. 204 of the Public Acts of 1893, under which the jury commissioners performed the act of drawing juries. By the act of 1903 the clerk is designated as the officer to perform this duty. This act in no other way changed the duties of the jury commissioners. The clerk is substituted in the place of the commissioners. Under the direction of the circuit judges, he each month makes the drawing. This must be done in the presence of the presiding judge and sheriff, and all the provisions of the law as to the details of the proceeding must be followed strictly. This act does not assume, in terms, to revise, alter, or amend any prior act or section of an act, but, by various transfers of duties, has an amendatory effect by implication, and, although it expressly repeals all acts and parts of acts inconsistent therewith, does not conflict with any provision of the Constitution. *People* v. *Mahaney,* 13 Mich. 496. The circuit judge was in error in holding the first ground of challenge to the array good.

The second ground of challenge charges that this jury was not drawn by the clerk as provided by this act of 1903,

but that the names were drawn from the box by some member of the board of jury commissioners. The record shows this to be true, but it is claimed to be a mere informality, and that, if performed in the presence of the clerk, it is a substantial compliance with the statute. The statute leaves no discretion as to the officer who shall perform the act of drawing the jury. The clerk and no other officer, must draw the names from the box. This court, in *People* v. *Labadie,* 66 Mich. 702, where the sheriff, and not the clerk, drew the names from the box, said:

"The statutes which establish the rule for the drawing of jurors leave no discretion in the officers designated to conduct such drawing, but plainly indicate how the proceedings shall be conducted.   *   *   *

"The law has so apportioned the duties of the several officers who are to serve in securing the jury provided by the Constitution to try the respondent that the clerk must take the names from the box, and no other officer or court can legally disregard this plain provision of the statute."

And also citing and approving *Gott* v. *Brigham,* 45 Mich. 424:

"The law has apportioned the duties with extreme care. The list and box are under the sworn custody of the clerk. His oath of office applies to the duty of drawing, and the oath of the others applies to the duties assigned to them. If they exchange duties, their respective oaths do not accompany the exchange."

Upon this ground the ruling and decision of the circuit judge in holding the challenge to the array good was correct. The writ of mandamus is therefore denied, without costs.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.