PEOPLE *v.* GRATZ

1. CRIMINAL LAW—JURY SELECTION—STATUTES.

   Failure to comply with the statutory provisions concerning the selection of juries constitutes reversible error; the error cannot be rectified by the harmless error provision of the code of criminal procedure (MCLA §§ 600.1215, 600.1255, 600.1259, 769.26).

2. CRIMINAL LAW—JURY SELECTION—STATUTES.

   A defendant has a substantial right to have a jury list selected in the manner required by statute; this right is entitled to judicial protection and enforcement (MCLA §§ 600.1215, 600.1255, 600.1259).

3. CRIMINAL LAW—JURY SELECTION—STATUTES.

   An appellate court must reverse a conviction for failure to select a jury in accordance with statute where the defendant has made a timely challenge; unless the court reverses a conviction in such a case, discretion will be conferred on officials to eliminate steps mandated by the Legislature.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 6]  47 Am Jur 2d, Jury §§ 139, 177.
[3, 4]  47 Am Jur 2d, Jury §§ 177, 178.
[5]  47 Am Jur 2d, Jury § 139.
[7]  47 Am Jur 2d, Jury §§ 177, 178, 227, 228.

4. CRIMINAL LAW—JURY SELECTION—STATUTES—BURDEN OF PROOF —PREJUDICE.

A defendant who has timely objected that the manner of jury selection failed to conform to the method set forth by statute is not required to prove, after conviction, that he was prejudiced by the improper method of selection.

5. CRIMINAL LAW—JURY SELECTION—DISCRETION—STATUTES.

A statute which establishes the rule for drawing jurors leaves no discretion in the officers designated to conduct the drawing; the statute prescribes how the proceeding shall be conducted.

6. CRIMINAL LAW—JURY SELECTION—IMPROPER SELECTION—PRE-SUMPTION OF PREJUDICE.

A defendant has the right to have a jury selected in the manner prescribed by statute, and if that right is denied, it is presumed that the defendant was prejudiced.

7. CRIMINAL LAW—JURY SELECTION—RIGHT TO PROPERLY SELECTED JURY.

A defendant who timely challenges the array of the jury and establishes that a statutory provision concerning the manner of selection of jurors was not followed does not have the burden of showing that he will or has been harmed and he is entitled to have those charged with selection of the array to proceed in accordance with the statute (MCLA §§ 600.1215, 600.1255, 600.1259).

Appeal from Chippewa, George S. Baldwin, J. Submitted Division 3 May 13, 1971, at Grand Rapids. (Docket No. 9383.) Decided June 30, 1971.

Frank J. Gratz was convicted of possession of marijuana. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Farrell E. Elliott,* Prosecuting Attorney, for the people.

*John Lambros,* for defendant on appeal.

Before: Fitzgerald, P. J., and Holbrook and Levin, JJ.

Levin, J. The defendant, Frank J. Gratz, appeals his conviction of possession or control of marijuana. MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123).

Before the trial he filed a motion challenging the array on the ground that the jury had not been selected in accordance with the provisions of chapter 12 of the Revised Judicature Act of 1961, and, specifically, the provisions of that chapter concerning the selection of jurors in the Upper Peninsula. These statutory provisions have, subsequent to the trial of this case, been repealed and replaced by other provisions concerning jury boards and jurors. See PA 1968, No 326, MCLA § 600.1301 *et seq.* (Stat Ann 1971 Cum Supp § 27A.1301 *et seq.*)[1]

After an evidentiary hearing the trial judge found that the claimed violations were insubstantial and denied the motion challenging the array. Following the defendant's conviction, he filed a motion for a new trial which was considered by the circuit judge who succeeded the judge who presided at the trial. The successor judge filed an opinion stating

---

[1] The 1968 act was amended by PA 1969, No 326, which, among other provisions added a § 1354 to the Revised Judicature Act of 1961, reading as follows:

"Failure to comply with the provisions of this chapter shall not be grounds for a continuance nor shall it affect the validity of a jury verdict unless the party requesting the continuance or claiming invalidity has made timely objection and unless the party demonstrates actual prejudice to his cause and unless the noncompliance is substantial. An objection made at the day of a scheduled trial shall not be considered timely unless the objection, with the exercise of reasonable diligence, could not have been made at an earlier time." MCLA 1971 Cum Supp § 600.1354 (Stat Ann 1971 Cum Supp § 27A-.1354).

The foregoing statutory provision, which was enacted after the trial of this case, does not govern disposition of this appeal. To avoid misunderstanding we expressly state that we do not mean to intimate any opinion concerning the construction of this statutory provision.

that the statutory requirements had not been complied with in that:

(a) the judge of probate did not act on the jury board in accordance with RJA § 1255;[2]

(b) none of the members of the board signed the jury list as required by RJA § 1259;[3] and

(c) the sheriff drew the names for the jury panel although RJA § 1215[4] required that they be drawn by the clerk.

Nevertheless, the judge denied the motion for a new trial holding that the statements by the Supreme Court in *People* v. *Labadie* (1887), 66 Mich 702, and *Fornia* v. *Wayne Circuit Judge* (1905), 140 Mich 631, "which seem to hold that any clear violation of the [jury selection] statute is good cause for challenge to the array" were superseded by the harmless error provision in the Code of Criminal Procedure:

"No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice." MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096).

We are satisfied that a failure to comply with the statutory provisions concerning the selection of juries may not be rectified under this statutory provision, and reverse the defendant's conviction.

The Legislature determined that the lists of names would be selected by a board, one of the

---

[2] MCLA § 600.1255 (Stat Ann 1962 Rev § 27A.1255).
[3] MCLA § 600.1259 (Stat Ann 1962 Rev § 27A.1259).
[4] MCLA § 600.1215 (Stat Ann 1962 Rev § 27A.1215).

members of which would be the judge of probate. The board is required to exercise judgment in selecting the persons who will comprise a jury list.[5] It was evidently thought that the presence on the board of the judge of probate would serve the legislative purpose.

The right to have a board constituted, to have the persons who will comprise a jury list selected in the manner required by the statute is a substantial right entitled to judicial protection and enforcement. The selection of the persons who will comprise the array is entrusted, for the most part, to officials not necessarily trained in the law; the selection does not take place under the supervision of the court and there is no opportunity except upon a challenge to the array to oversee the process and to correct error.

Unless we are prepared to reverse a conviction for failure to select a jury in accordance with the statute in a case where there has been a timely challenge, we, in effect, confer discretion on the

---

[5] "The county clerk, judge of probate, sheriff and county treasurer of each county in the Upper Peninsula constitute a board for the purpose of selecting lists of names of persons annually to act as grand and petit jurors in the circuit courts in such counties." MCLA § 600.1255 (Stat Ann 1962 Rev § 27A.1255).

"The board shall meet annually in the month of May at the courthouse, at such time and place as they may agree upon, and select and prepare a list of persons qualified to serve as petit jurors, and file the list with the county clerk. The list shall be used in drawing petit jurors for the succeeding year ending May 31, and until a new list is prepared and filed." MCLA § 600.1256 (Stat Ann 1962 Rev § 27A.1256).

"The board shall select from the various poll lists of each township and ward last filed in the county clerk's office the names of suitable persons having the qualifications of electors to serve as such jurors. * * * The board shall take the names of only such as are not exempt from serving on juries, who are in possession of their natural faculties, not infirm or decrepit, of good character, of known integrity, of sound judgment, well informed, coversant with the English language, free from legal exceptions, and who have not made, and in whose behalf there has not been made to the officers of the board, any application to be selected and returned as jurors." MCLA § 600.1257 (Stat Ann 1962 Rev § 27A.1257).

officials charged with jury selection to cut corners, to eliminate steps in the selection process which appear to them to be unnecessary or burdensome. While we must insist that a defendant voice his challenge to the array before the jury is sworn so that any deficiency can be corrected before the trial, when a litigant makes a timely challenge to the array and on an evidentiary hearing establishes the validity of that challenge, it would be an abdication of our responsibility to say, in effect, that, while the challenge is well taken, the trial court had no obligation to enforce the defendant's right to have a jury selected in accordance with the procedure established by the legislature.

To require a defendant, after conviction, to prove prejudice would be to impose on him an impossible burden of proof and, in effect, to deny enforcement of his statutory right. It would be virtually impossible in almost any case to demonstrate that prejudice resulted from an infringement of the right to have jurors selected in the manner prescribed by the statute.

The defendant's guilt or innocence and the weight of the evidence are clearly beside the point. While jurors generally bring in a verdict portended by the weight of the evidence, experience teaches us that on occasion they bring in an unanticipated verdict to the dismay and mystification of both judge and counsel.

Had the trial judge sustained, as he should have, the challenge to the array, it would have meant a delay of perhaps a month or so while a new jury panel was selected in accordance with the statute. While delay in the trial of cases is not to be encouraged, delays of a month or so commonly occur because, for example, of the absence of witnesses,

the pendency of other cases having chronological or other precedence, illness of a judge or of counsel, or a mistrial. It is important that a criminal case be tried promptly, but it is also important that officials charged with the selection of jurors understand that if they fail to proceed in accordance with the statute prescribing the method of selection and this is duly challenged by a litigant, they will be made to do it over again. In no other way will compliance with the statutory requirements be obtained.

In *People* v. *Tonnelier* (1911), 167 Mich 638, the statute provided for a board of three commissioners. Due to an unfortunate legal complication which made it impossible to determine with certainty who was duly qualified to act, and on the advice of the prosecuting attorney, five men acted and signed the list after participating in its composition. Three of the five who acted were the duly qualified members of the board, but it was unclear who of the five were the three who were qualified. The Supreme Court held that the challenge to the array (before the jury was sworn) should have been sustained because two persons had participated in the work of the board without lawful authority. The defendant's conviction was reversed and a new trial was ordered.

The *Tonnelier* Court reviewed its earlier decisions in *Labadie* and *Fornia*. In *Labadie* there was a challenge to the array on the ground that the sheriff drew the names from the box instead of the clerk as required by the statute. Precisely the same deviation from a requirement of the statute occurred in this case of *Gratz*. In reversing Labadie's conviction the Supreme Court observed (66 Mich 703, 704):

"The statutes which establish the rule for the drawing of jurors leave no discretion in the officers designated to conduct such drawing, but plainly indicate how the proceeding shall be conducted.
\* \* \*

"The law has so apportioned the duties of the several officers who are to serve in securing the jury provided by the Constitution to try the respondent that the clerk must take the names from the box, and no officer or court can legally disregard this plain provision of the statute."

In *Fornia* the Supreme Court ruled that the circuit judge correctly refused to proceed to trial where there was a challenge to the array and it appeared that the names had not been drawn from the box by the clerk as required by the statute but by some member of the board of jury commissioners. The Court expressly rejected the argument that there had been substantial compliance with the statute, saying (140 Mich 635), "the statute leaves no discretion as to the officer who shall perform the act of drawing the jury".

In *Tonnelier* the Court addressed itself to the claim that the error was harmless and rejected it (p 644):

"Respondent may not have been injured by the failure of the commissioners to comply with the plain statutory mandates; but we are not warranted in indulging in such a presumption."

The Court adopted the following statement of Mr. Justice GRAVES in *Gott* v. *Brigham* (1881), 45 Mich 424, 428:

"The law has prescribed its own methods for the constitution of the tribunal, and has carefully defined what means shall be provided to negative the existence of any error in relation thereto prejudicial

to the parties; and it is not fair reasoning to say that such methods may be set aside and that a party *reasonably and regularly objecting* may be silenced by an answer that it appears from extrinsc sources that he was not injured. The effect of such a doctrine would be to license courts to suspend the laws, if in their opinion no one would be injured thereby as a matter of fact." (Emphasis supplied.)

Other courts have also concluded that it would defeat the legislative purpose to require a defendant to prove that he was harmed by a failure to comply with a statute concerning the manner of selection of a jury:

"This right may not legally be denied, and if it is denied we must presume that the defendant was prejudiced thereby." *Walter* v. *State* (1935), 208 Ind 231, 237 (195 NE 268, 271, 98 ALR 607).[6]

Although a statutory provision specifically mentioning harmless error in criminal cases may not have been added until the Legislature enacted PA 1915, No 89[7]—the forerunner of the present Code

---

[6] Similarly, see *Ballard* v. *United States* (1946), 329 US 187, 195 (67 S Ct 261, 91 L Ed 181); *Thiel* v. *Southern Pacific Company* (1946), 328 US 217, 225 (66 S Ct 984, 90 L Ed 1181). Compare *People* v. *Thomas* (1970), 25 Mich App 213, where we said that if the defendant's burden was to show prejudice there need be little concern in any case that the defendant could demonstrate reversible error where his claim is based upon failure to follow requirements concerning jury selection.

[7] The Code of Criminal Procedure's harmless-error provision (MCLA § 769.26 [Stat Ann 1954 Rev § 28.1096]) repeats verbatim the language of PA 1915, No 89, except that the 1915 act applied to both civil and criminal cases. The 1915 act was re-enacted as to civil cases in the Judicature Act of 1915, PA 1915, No 314, ch L, § 28 (CL 1948, § 650.28).

Although PA 1915, No 89 has not been repealed, since its substance was incorporated in the Judicature Act of 1915 (CL 1948, § 650.28) and in the Code of Criminal Procedure enacted in 1927, it was not included in the Compiled Laws of 1948. See compiler's notes, 4 CL 1948, pp 12947, 14427.

The 1915 Judicature Act provision was not re-enacted in the Revised Judicature Act of 1961. However, a harmless-error provision based on FR Civ P 61, was included in the General Court Rules

of Criminal Procedure provision previously quoted
in this opinion—as early as 1846 the Legislature
enacted a statute providing that a verdict should
not be reversed for default or negligence of any
clerk or officer of the court or of the parties or their
attorneys "by which neither party shall have been
prejudiced".[8]    In countless cases, criminal[9] and
civil,[10] the Supreme Court followed this statutory
mandate where it found a claimed defect to be harm-
less long before the 1915 or 1927 harmless-error
statutes were enacted.

Thus when *Tonnelier, Labadie,* and *Fornia* were
decided, the concept that some errors may be harm-
less, not requiring a new trial, was well known.
And the corollary concept recognized in those three
cases, that error may be of such a kind that it cannot
be treated as harmless, has been carried forward
and recognized in a number of cases decided after

of 1963 as Rule 529.1.   The committee comment to this court rule
states that, although it was thought best to use the wording of the
Federal rule for Rule 529.1, the Judicature Act provision then in
effect was "substantially identical" with Rule 529.1.

Rule 785.1(1) provides that the General Court Rules shall apply
to criminal cases "except as otherwise provided by rule or statute,
and except when it clearly appears that they apply to civil actions
only, or where statutes or special court rules provide a different
procedure".

In a considerable number of criminal cases our Court and the
Supreme Court have referred to Rule 529.1 as well as MCLA § 769.26
as the harmless-error rule applicable in criminal cases.

[8] RS 1846, ch 104, § 5, now MCLA § 600.2315 (Stat Ann 1962
Rev § 27A.2315).

[9] *Strang* v. *People* (1871), 24 Mich 1, 9 (erroneous admission of
evidence); *People* v. *Fowler* (1895), 104 Mich 449, 451 (juror im-
properly dismissed for cause); *People* v. *Ryder* (1908), 151 Mich
187, 189 (refusal to allow a proper question to be put to witness).
See, also, *People* v. *Parsons* (1910), 163 Mich 329, 335; *People* v.
*Nichols* (1954), 341 Mich 311, 332, citing *Soltar* v. *Anderson* (1954),
340 Mich 242, 244, concerning the meaning of the harmless-error
statutes.

[10] *Bewick* v. *Fletcher* (1878), 39 Mich 25, 29; *Cook* v. *Perry* (1880),
43 Mich 623, 625; *Bogue* v. *Prentis* (1881), 47 Mich 124.   Addi-
tionally, see countless cases collected in 9 Callaghan's Michigan Digest,
Harmless and Prejudicial Error, § 1 *et seq.*

the codification in the 1927 Code of Criminal Procedure of the 1915 harmless-error statute.[11]

We are satisfied that, as before the enactment of the 1915 and 1927 harmless-error statutes, a defendant who timely challenges the array and establishes that a statutory provision concerning the manner of selection of jurors was not followed does not have the additional burden of showing that he will be or has thereby been harmed. Upon establishing that the array was not selected in the manner provided by law he is entitled to have those charged with the selection of the array required to proceed in accordance with the statute to select a proper jury.

Reversed and remanded for a new trial.

All concurred.

[11] See *People v. Medcoff* (1955), 344 Mich 108; *People v. Martin* (1947), 316 Mich 669; *People v. Little* (1943), 305 Mich 482; *cf. People v. Bigge* (1941), 297 Mich 58, 72; *People v. Ignofo* (1946), 315 Mich 626, 640.

See, also, *People v. Liggett* (1967), 378 Mich 706, 717; *People v. Nichols* (1954), 341 Mich 311, 332; *People v. Meisel* (1940), 293 Mich 51 (Sharpe, J.); *Pepole v. Bigge* (1934), 288 Mich 417, 428 (Potter, J., concurring).