PEOPLE v GOODE

1. JURY—JURY SELECTION—PEREMPTORY CHALLENGES—EXERCISE OF
   PEREMPTORY CHALLENGES—COURT RULES.

   A party in the selection of a jury is allowed to exercise a
   peremptory challenge even of a juror previously passed at any
   time until the jury is sworn to try the case; therefore, it was a
   violation of the applicable court rule and was clearly erroneous
   for a trial judge to impose upon the parties a method of
   exercising peremptory challenges whereby once a party passed
   a prospective juror who was seated in the box and failed to
   exercise a peremptory challenge as to that juror the party was
   not permitted to come back later and peremptorily challenge
   that particular juror (GCR 1963, 511.5).

2. JURY—JURY SELECTION—PEREMPTORY CHALLENGES—TRIAL JUDGES
   —COURT RULES—WAIVER.

   A trial judge's required procedure of exercising peremptory chal-
   lenges whereby he refused to allow the parties to go back and
   peremptorily challenge prospective jurors who had already
   been passed and seated in the jury box was a violation of the
   applicable court rule but was not a constitutional violation and
   therefore could be waived by the parties (GCR 1963, 511.5).

3. JURY—JURY SELECTION—PEREMPTORY CHALLENGES—COURT RULES
   —HARMLESS ERROR—PRESERVING ISSUE—APPEAL AND ERROR.

   It was not harmless error such as to necessitate a showing of
   harm or prejudice caused thereby for a trial judge to violate
   the court rule pertaining to peremptory challenges by refusing
   to allow the parties to go back and peremptorily challenge
   prospective jurors who had already been passed and seated in
   the jury box; however, a defendant is deemed to have waived or
   failed to preserve his right on appeal to have reversal on this

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Jury § 255.
  Peremptory challenge after acceptance of juror. 3 ALR2d 499.
[2] 47 Am Jur 2d, Jury §§ 218, 236, 241.
[3] 5 Am·Jur 2d, Appeal and Error § 628.
[4] 5 Am Jur 2d, Appeal and Error § 545.

basis where the defendant at no time in any way during trial proceedings directed the trial judge's attention to the fact that he was violating the court rule, or indicated any dissatisfaction either with the jury selection or the jury that was impaneled (GCR 1963, 511.5).

4. APPEAL AND ERROR—PRESERVING ISSUE—MANIFEST INJUSTICE.

A claim of error in the absence of manifest injustice may not be raised for the first time on appeal.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted June 23, 1977, at Detroit. (Docket No. 27421.) Decided October 10, 1977.

Robert J. Goode was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training and Appeals, and *Charles H. Seller,* Assistant Prosecuting Attorney, for the people.

*Terence R. Flanagan,* Assistant State Appellate Defender, for defendant on appeal.

Before: BEASLEY, P. J., and V. J. BRENNAN and J. R. McDONALD,* JJ.

BEASLEY, P. J. Defendant was convicted by a jury of breaking and entering with intent to commit larceny in violation of MCLA 750.110; MSA 28.305. After sentence to a term of not less than 5 years nor more than 15 years in prison, he appeals as of right.

On appeal, defendant claims that in jury selec-

* Circuit judge, sitting on the Court of Appeals by assignment.

tion, the trial judge required a method of exercising peremptory challenges that violated GCR 1963, 511.5. Defendant says he was deprived of his right to randomly exercise peremptory challenges and that he was, in fact, denied the additional opportunity to peremptorily challenge a number of the jurors that he could have peremptorily challenged if the usual interpretation of GCR 1963, 511.5 had been in effect. Last, he says that under the case law he need not establish or claim actual prejudice where the method of exercising peremptory challenges afforded under the court rule is violated.[1]

The transcript indicates that prior to voir dire of prospective jurors, the trial judge announced as follows:

"THE COURT: Let's bring in the jury.

"Let me, however, make a couple things clear as far as the voir dire is concerned. The Court will conduct the voir dire. If you have any special questions that you would like to have the Court put to the prospective jurors, you will write them out and hand them up and they will be put.

"Secondly, once you pass a prospective juror who is seated in the box and fail to exercise a peremptory challenge as to him or her, you will not be permitted to come back later and challenge that particular juror. Bring in the jury."

Conduct of the voir dire by the trial judge is a commonly accepted alternative method.[2] There was no error under the first above quoted paragraph for the trial judge to so indicate. However, the procedure for exercising peremptory chal-

---

[1] *People v Gratz,* 35 Mich App 42, 192 NW2d 304 (1971).

[2] GCR 1963, 511.3:

".3 Examination of Jurors. The court may permit the attorneys to conduct the examination of prospective jurors or may itself conduct the examination."

lenges announced by the trial judge under the second above quoted paragraph does not conform to the applicable court rule.[3]

After examination by the court of the jurors who were called and after opportunity to challenge for cause, the trial judge announced in the presence of the 13 seated jurors:

"[T]hose jurors who are in the box and who are not peremptorily challenged by you at this point will be deemed to be accepted."

On neither occasion did counsel for defendant-appellant or counsel for codefendant or the assistant prosecutor make any objection to the procedure imposed by the trial judge.

Peremptory challenges were then exercised as follows. On the first round, the prosecutor exer-

[3] GCR 1963, 511.5, at the time of this trial, provided:

".5 Peremptory Challenges. After all challenges for cause are completed, the parties shall make or waive their peremptory challenges. First the plaintiff and then the defendant may exercise 1 or more peremptory challenges alternately until each party successively waives further peremptory challenges or all such challenges have been exercised. A juror peremptorily challenged is excused without cause. Each party in a criminal case shall be entitled to 5 peremptory challenges, unless the offense charged is punishable by death or life imprisonment, in which case the defendant shall be entitled to 20 peremptory challenges and the prosecutor shall be entitled to 15 peremptory challenges. In cases involving 2 or more jointly tried defendants, each defendant shall be entitled to the number of peremptory challenges allowed if he were tried separately, and the prosecutor shall be entitled to the total number of peremptory challenges to which he would be entitled if each defendant were tried separately. Each party in a civil case may peremptorily challenge 3 jurors. In civil cases 2 or more parties on the same side are considered a single party for purposes of peremptory challenge. However, where multiple parties having adverse interests are aligned on the same side, 3 peremptory challenges shall be allowed to each party represented by a different attorney and, in such cases, the opposite side may, in the discretion of the trial judge, be allowed a total number of peremptory challenges not exceeding the total number of peremptory challenges allowed to said multiple parties."

cised four of his five peremptory challenges to excuse jurors 2, 3, 8 and 13, and those four jurors were replaced. Appellant exercised two of his five peremptory challenges to excuse jurors 6 and 11, and those two jurors were replaced. Codefendant passed and refrained from using any of his peremptory challenges. On the second round, the prosecutor exercised his fifth and last peremptory challenge to excuse juror 11 who was replaced. Under the trial judge's announced method, appellant would then, on the second round, be permitted to peremptorily challenge *only* jurors 6 and 11; he had lost his right to peremptorily challenge the other 11 jurors by not exercising his right on the first round.

On the second round, appellant chose not to exercise any of his peremptory challenges; neither did the codefendant. Appellant then affirmatively stated to the court that the jury was acceptable to him.[4]

The Michigan Court Rule is promulgated pursuant to specific statutory authority.[5] GCR 1963, 511.5 is clear and unambiguous in providing that peremptory challenges must be made alternatively.

The Michigan cases allow a party to exercise a peremptory challenge, even of a juror previously

---

[4] The record reads:
"THE COURT: The record will reflect the same position.
It's your turn to exercise peremptory challenges, Mr. Wilson.
"MR. WILSON [Appellant's trial counsel.]: Pass at this time, your Honor.
"THE COURT: That means this panel is acceptable to you?
"MR. WILSON: Yes, your Honor."

[5] "With respect to the selection and impaneling of jurors, any examination, challenge, replacement, oath or other practice not otherwise governed by the provisions of this chapter shall be governed by rules adopted by the supreme court." MCLA 600.1355; MSA 27A.1355.

passed, at any time until the jury is sworn to try the case.[6]

We find that the method of exercising peremptory challenges that the trial judge imposed upon the parties violated the cited court rule and was clearly erroneous.

There remains the question of whether appellant's failure to object to the procedure announced by the trial judge or to request a different, specific procedure in compliance with the court rules has the effect of failing to preserve the error for appeal.

We note that the trial judge announced in a positive, declarative fashion the manner or method he would require with respect to exercise of peremptory challenges. Under these circumstances, we do not impose an obligation upon defense counsel to argue with or take exception to, at the risk of being charged with contempt, the trial judge's announcement. We treat the announcement as any other ruling of a trial judge. There was no necessity to take exception to the announcement at the time it was made in order to be entitled to appeal its correctness.

More difficult, however, are the facts that 1) appellant did not exercise all of the peremptory challenges to which he was entitled, and 2) appellant pronounced he was satisfied with the jury.

Under the trial judge's method, appellant either exercised his peremptory challenges on the first round or a juror, already in the box and not the subject of a peremptory challenge by him on the first round, could not be subsequently made the

---

[6] *Jhons v People,* 25 Mich 499 (1872). (After prosecutor had accepted the jury and after defendant had challenged and replaced a juror, prosecutor was allowed to challenge one of the original jurors.) *People v Carrier,* 46 Mich 442; 9 NW 487 (1881), *People v Rich,* 237 Mich 481; 212 NW 105 (1927).

subject of a peremptory challenge. Thus, as previously indicated, on the second round appellant could only have exercised peremptory challenges with respect to two jurors under the trial judge's method. In view of this, we decline to base decision and find failure to preserve appellate right on the fact that on the second round appellant passed and exercised no peremptory challenges.

When appellant pronounced satisfaction with the jury, the jurors were sitting in the box. Faced with trial before this impaneled jury, it is not surprising that defense counsel would conclude that it was no time to express dissatisfaction with the jury. However, there was nothing to prevent defense counsel seeking permission to approach the bench and requesting opportunity to address the court on the record in the absence of the jury.

In *People v Thomas*,[7] this Court reversed and remanded for new trial a conviction for assault with intent to rob while being armed, where the trial judge refused to alternate peremptory challenges and required the defense to exercise all of his peremptory challenges before the prosecution would be required to exercise any peremptory challenges. In *Thomas, supra,* this Court approved applying GCR 1963, 511.5 to criminal cases and indicated that even in the absence of the court rule, fundamental fairness would require alternating exercise of peremptory challenges.

However, we recognize that in the within case the procedure, although contrary to court rule, falls equally on both prosecution and defense, and that there is no lack of fundamental fairness of the type on which, at least partially, the *Thomas* decision was based. *People v Parham*[8] rests upon

---

[7] 25 Mich App 213; 181 NW2d 328 (1970).

[8] 28 Mich App 267; 184 NW2d 273 (1970).

and is similar to *People v Thomas, supra,* reversing and remanding where exercise of peremptory challenges were not exercised and where the defense was required to exhaust peremptory challenges before the prosecution was required to exercise any peremptory challenges.

In *People v Gratz,*[9] this Court reversed and remanded a conviction of possession of marijuana where timely challenge to the array was made on the ground that the then statute concerning selection of jurors in the upper peninsula had not been complied with. This Court expressly declined to apply the harmless error statute, saying that where timely, successful challenge to the array is made, there is no additional burden of showing harm or prejudice.[10]

In *Swain v Alabama,*[11] the United States Supreme Court traces the history, background, reasons and place of the peremptory challenge in jury trials. While emphasizing the importance of peremptory challenges, we would not believe the *Swain* Court would find that there was a constitutional violation involved in the procedure of exercising peremptory challenges required by the trial judge here.

To summarize, we find:

1. The trial judge's required procedure of exercising peremptory challenges was in violation of GCR 1963, 511.5.

2. Although in violation of the court rule, the trial judge's procedure was not a constitutional violation and, therefore, may be waived by the parties.

3. The violation of the court rule in the manner

---

[9] 35 Mich App 42; 192 NW2d 304 (1971).

[10] *People v Gratz, supra,* 52; MCLA 769.26; MSA 28.1096.

[11] 380 US 202, 210–222; 85 S Ct 824; 13 L Ed 2d 759 (1965).

indicated here is not harmless error such as to necessitate a showing of harm or prejudice caused thereby.

4. But where defendant-appellant at no time in any way during trial proceedings directed the trial judge's attention to the fact that he was violating the court rule, or indicated any dissatisfaction either with jury selection or the jury that was impaneled, defendant-appellant will be deemed to have waived or failed to preserve his right on appeal to have reversal on this basis.

In short, while we emphatically urge trial judges to follow the court rule respecting the method of exercising peremptory challenges, we decline to reverse a conviction obtained on overwhelming, uncontradicted evidence where there is not in the record a whisper of dissatisfaction during trial of the manner of jury selection.

Appellant's other claim on appeal is insufficient basis for reversal of his conviction. Furthermore, it is raised for the first time on appeal. Thus, in the absence of manifest injustice, and there was none here, this second claim of error may not be raised for the first time on appeal.

Affirmed.