71   287
103   596

·JOHN A. HEWITT v. CHAUNCEY H. GAGE, CIRCUIT JUDGE OF SAGINAW COUNTY.

*Jury—Summoning and impaneling—Challenge to array—Statutes —Repeal.*

1. The provision in the charter of the city of East Saginaw creating the office of assessor, and requiring such officer to make and return lists of persons to serve as jurors, supersedes the general statute in that regard, and is sustained.

2. The return of more than 200 *qualified* petit jurors, under How. Stat. § 7556, is good cause for a challenge to the array; but, in such a case, it is the duty of the court to direct the clerk to strike from the *excessive* lists all names listed below the requisite number *first* appearing.

3. The following propositions are summarized from the opinion of Chief Justice SHERWOOD:

    *a*—The selection of the jury, secured to litigants by our Constitution, is of first importance to parties, who have a right to have such jury constituted in substantial conformity with the law as established; and where a departure has occurred, and the positive provisions enacted to guard the right of trial by jury have been violated or disregarded, there is no warrant in our jurisprudence for treating the deviations as harmless irregularities.

    *b*—There is nothing compulsory upon the Legislature as to how or in what manner lawful jurors' names shall be returned, but it is required to make some regulation upon the subject; and the general law enacted for that purpose is of no higher or greater authority than any other enactment upon that subject. One of the principal objects in any mode prescribed has been that the panel shall come from the *body* of the county, which means, under our system of territorial division, from *every township* in the county.

*Mandamus.* Submitted June 26, 1888. Granted July 11, 1888.

Relator applies for *mandamus* to vacate an order sus-

taining a challenge to the array, and discharging the jury, etc. The facts are stated in the opinion.

*Camp & Brooks,* for relator.

*Wisner & Draper,* for respondent.

SHERWOOD, C. J. The relator lives in the county of Saginaw, and is plaintiff in a cause in the circuit court for that county, wherein the Flint & Pere Marquette Railroad Company is defendant. The cause came on for trial at the May term, 1888, and a jury was summoned for that purpose. The defendant thereupon challenged the array of the panel upon the following grounds, as stated by its counsel:

"1. That the persons selected to serve as petit jurors in the year 1887, and from which the jurors of the May term, 1888, of this court were drawn in part, from the 1st, 2d, 3d, 4th, 5th, 6th, 7th, and 8th wards of the city of East Saginaw, were not selected by the assessor of said city, and the alderman of each ward thereof, as is required by law, but it says such selection was made by the assessor of said city alone.

"2. That the lists of persons selected to serve as petit jurors for the May, 1888, term of said court, and filed in the office of the clerk of this court, from all or any of the wards of the city of East Saginaw, were not made out and signed by the assessor of said city and the aldermen of said wards, nor by the assessor and a major part of the aldermen, but were made out, signed, and returned to the clerk of Saginaw county by the assessor of said city alone.

"3. And, for further cause of such challenge, it says that the list of jurors returned from the various townships and wards in Saginaw county, and on file in the office of the clerk of Saginaw county, in the year 1887, and from which lists the jury impaneled in this cause was drawn, shows that 376 names were selected and returned as petit jurors, and 216 names were so selected and returned as grand jurors, making the total number exceed by 192 the number which by law could be returned, and that the list of names so returned to serve as petit jurors exceeds by

176 the number which by law could be returned to serve as such petit jurors.

"4. That the list of persons selected and returned from all the wards of the city of Saginaw, and from which the jurors from said city for the May term, 1888, of said court, were drawn, are all designated as petit jurors, and not one-half petit and one-half grand jurors, as required by law, and so the number of persons so selected as petit jurors from said city is excessive by upwards of 35.

"5. That the lists of persons returned as petit jurors in 1887, and from which jurors for the May term, 1888, of this court were drawn, from the townships of Brady, Chapin, Fremont, James, Jonesfield, Saginaw, and St. Charles is largely in excess of the number which by law could be returned from said townships, and from each of said townships.

"6. That in the lists of persons returned to serve as jurors in 1887, and from which the petit jurors for the May term of said court for 1888 were drawn, from the townships of Brady, Fremont, Saginaw, and St. Charles, 78 names are returned, 60 of which are designated as petit jurors, and that the number of persons returned from said townships are largely in excess of that which is allowed by law.

"7. That the number of names returned to the county clerk from the townships and wards of Saginaw county, and from which the jurors for the May, 1888, term of said court, were drawn, had no regard to the population of the respective townships and wards, or to the population of Saginaw county, computed according to the last census of said townships, wards, and counties."

These statements of causes of challenge the plaintiff admitted to be true. The circuit judge by his order sustained the challenge, discharged the jury, and continued the cause for trial until the next term of the court. The relator now asks that the circuit judge may be required by a writ of *mandamus* to vacate and set aside said order. The respondent, in making answer to the order to show cause, admits the facts stated in relator's petition to be true, and insists that he should not be required to set aside the order, for the reason that the statutes relating

to securing a jury for the trial of the case have not been complied with by the township and city officers.

The principal questions raised by the record in the case arise under sections 7554 and 7556 of Howell's Statutes, relating to the duties of officers in returning lists of persons to serve as jurors in the circuit court. By the first section referred to it is provided that—

" The supervisor and township clerk of each township," and, in cities, " the supervisor or assessors, as the case may be, and aldermen of each ward or assessment district, * * * make a list of persons to serve as petit jurors, and a list of persons to serve as grand jurors, for the ensuing year," the number to be based upon the population shown in the last census.

By the charter of the city of East Saginaw, which lies in said county, the office of assessor is created, and he is required to make and return lists of persons to serve as jurors. Local Acts of 1885, pp. 350, 365. By the provisions of the charter of the city of Saginaw the controller is made the assessor of the city, and is required to make out and return the list of jurors for each ensuing year. Local Acts of 1887, p. 727.

It appears by the return of the circuit judge that the persons selected as petit jurors in 1887, and from which the jurors were drawn at the May term, 1888, in the suit in question, were drawn, in part, from the 1st, 2d, 3d, 4th, 5th, 6th, 7th, and 8th wards in the city of East Saginaw, and were not selected by the assessor of the city, and the alderman of each ward thereof, but the selection was made by the assessor alone; and that the lists of persons selected and returned were not signed by the assessor and aldermen, but by the assessor only. This, it is claimed by respondent's counsel, is not a compliance with the law, and rendered the action taken by the circuit judge necessary.

The selection of the jury, secured to litigants by our Constitution, is of first importance to parties, and they have a right to have such jury—

" Constituted in substantial conformity with the law as established; and where a departure has occurred, and the positive provisions enacted to secure and guard 'the right of trial by jury' have been violated or disregarded, there is no warrant in our jurisprudence for treating the deviations as harmless irregularities."

And, when the party to be affected thereby seasonably makes his objections to such deviations, he stands on substantial and valuable rights, and ought to have his challenge prevail. The provisions of the law cannot be set aside, although it may appear to us that neither party has been injured by the transgression. That we never can for a certainty know, and for this reason safety can only be secured by a reasonable compliance with the law.

There is nothing compulsory upon the Legislature as to how or in what manner lawful jurors' names shall be returned to the box, but it is required to make some regulation upon the subject; and the general law it has enacted is of no higher or greater authority than any other enactment upon that subject. One of the principal objects in any mode prescribed has been that the panel shall come from the body of the county; and this means, under our system of territorial division, from every township in the county. Substantially the same provisions as we now have for getting a jury have continued during our State existence. Rev. Stat. 1838, pp. 439–446; Rev. Stat. 1846, p. 463; Laws of 1853, p. 188, § 9; 2 Comp. Laws of 1857, p. 1188; 2 Comp. Laws of 1871, p. 1719; also provisions hereinbefore referred to.

East Saginaw received her charter as a city as early as 1859; and by an amendment in 1869 it was made the duty

of the assessor of the city to prepare and furnish the list of jurors to serve as jurors from that city (see Laws of 1869, p. 432); and this legislation was entirely proper. It took the city out of the operation of the general statute in that regard. The learned counsel for respondent, however, refer us to the amendment of the general statute passed in 1881, which says:

"The supervisor and township clerk of each township, and the supervisor or assessors, as the case may be, and aldermen of each ward or assessment district, in any city, shall, at the time appointed by law for the review of the assessment roll for each year, make a list of persons to serve as jurors," etc. (see Laws of 1881, p. 55);—

And claim there is no conflict in these statutes; that the general law provides that it shall be done by the supervisor or assessor, and the charter fixes definitely which of these officers in East Saginaw shall do it, but, this done, it then becomes his duty to act with the aldermen; and that the law requires that the list of jurymen made should be by the joint action of all of them.

This, of course, would be a substantial repeal of the clause we have referred to in the charter of East Saginaw. I do not think such a repeal can be impliedly made. Neither do I think it was ever intended by the Legislature, or should be allowed to have that effect. It is not the rule that general statutes or acts repeal by implication special acts and chartered provisions in any such way. 1 Dill. Mun. Corp. § 87, and cases there cited. But, if it be conceded that it did effect such repeal, it was afterwards repealed by an amendment to the charter in 1885, which re-enacted the old charter provision referred to. See Local Acts of 1885, p. 365, § 5.

It may be well contended that the statute invoked by respondent was never intended to apply to a city whose chartered provisions are like those contained in the East

Saginaw charter.    By that charter the assessor is a city officer, and assesses all the property of the city, and comes more or less in contact with all persons therein having the qualifications of jurors; while in cities incorporated under the general law the person assessing is but a ward officer, not acting beyond the limits of his ward; and such was the case in Detroit when the statute was first passed, in 1839.    See Laws of 1839, Act No. 35, §§ 4, 5.

We might further say there seem to be a peculiar fitness and special circumstances why the assessing officer of either township or ward or city should make the list, which is to be made from the names contained upon the assessment roll for the preceding year.    The assessor is the custodian of that roll, and, having made it himself, he should be peculiarly qualified for the work required by the statute.    I think the first position of respondent's counsel cannot be sustained.

We now come to the objection made by respondent's counsel under the second section of Howell's Statutes referred to, being 7556, and which reads as follows:

"Such lists shall contain not less than one for every one hundred inhabitants of such township or ward, computing according to the last preceding census, and having regard to the population of the county, so that the whole number of jurors selected in the county shall amount at least to one hundred, and not exceeding four hundred, one-half of whom shall be designated as petit jurors, and one-half as grand jurors."

It is claimed by them that the facts contained in the third and fourth paragraphs of the challenge show that the statute was entirely disregarded, and they strongly intimate as their view that the statute cannot be applied to Saginaw county, with its present population, and they suggest that the difficulty can only be remedied by the Legislature.    The particular fault claimed is that the

whole number of jurors to be raised in all the townships and cities in the county must not exceed 400, one-half of whom should be designated as petit and the other half as grand jurors; that the limitation of this number, and the proper designation of those returned, have been utterly disregarded by the township and city officers; that in some instances one half of those returned were not designated as petit and the other half as grand jurors.

An examination of the section of the statute discloses that at no time is the number of the jurors to be returned on the lists to be less than 100 or more than 400, and one-half are to be returned as grand and the other half as petit jurors; and it further provides that the lists shall contain not less than one juror for every 100 inhabitants there shall be in the township or ward. Of course, no serious question can arise until the population of a county exceeds 40,000; and, inasmuch as the number to be listed and returned must never exceed 400, I think it quite apparent that after that time the ratio of population to the juror must necessarily be increased. For instance, when the population of a county shall number 80,000, the ratio will necessarily be one juror to every 200 inhabitants. I see no difficulty in construing the section in this manner, and thereby the obvious intention of the Legislature will be thus attained, and the embarrassment claimed will be removed.

But the statute provides for listing and returning but 200 petit jurors; and the present case shows that 376 names were returned as petit jurors, and 216 as grand jurors; that the total excess of jurors returned from the county was 192, and in the number returned there was an excess as petit jurors of 176. There is no pretense but that the men whose names were listed and returned all have the qualifications of jurors. There is no difference in the qualifications of grand and petit jurors,

and all were listed and returned by the proper officers.

We need not consider the case of grand jurors, as it is only with the number of petit jurors returned that the parties in the case are interested. And the question raised is, does the excess stated constitute such an irregularity, and so far prejudice the suitors, as to furnish good ground for the challenge made?

I think it does. It is clear that a plain violation of the law has occurred, and it is impossible for the Court to know or say that the parties will not be prejudiced thereby. It is its duty to require a compliance with the law in all cases when it is not plainly manifest no injury or prejudice can come to the parties by reason of non-compliance. In this case we cannot know this. If a less number had been returned than the law requires, the case would have been different. In that case each person returned would not have been a legal juror. I think the case comes clearly within the principles first above stated.

In regard to the number of jurors returned from the several townships mentioned in the challenge, the law was not complied with; and in this case the excess of the quota from each township, and its effect, for the reasons above given, apply with equal force to them. Had the number of petit jurors, with those mentioned from the townships named, in all not exceeded the lawful number, another and different case would have been presented, and upon which no opinion herein is expressed.

It may be, however, proper to say that the returning officers should never return more names for either grand or petit jurors than the law requires; but the full number which the population of a town or ward entitles it to should be listed and forwarded to the clerk, as required by the statute. While, however, it is proper that the jury-list should not exceed the statutory number, there would be considerable public inconvenience in holding that

this cannot be rectified. Such mistakes are often made; and, if they should be held to invalidate the jury-lists entirely, the business of the courts may be seriously delayed, and the interests of both civil and criminal litigation would be jeopardized.

Where all the persons enrolled are competent jurymen, there cannot be any legal presumption that one is more fit than another. The lists may be corrected by striking off all names listed below the requisite number first appearing. All beyond those was improperly returned.

A *mandamus* will therefore issue directing the circuit judge to vacate the order complained of, and he will direct the clerk to strike from such excessive lists the names as suggested, to sufficiently reduce them to the number lawfully authorized to be returned; and this will be held to be the duty of the court in all like cases.

The other Justices concurred.