PEOPLE v STEIN

Docket No. 77-2927. Submitted June 23, 1978, at Detroit.—Decided May 21, 1979.

Lawrence R. Stein was charged with armed robbery in connection with the theft of the complainant's purse from her place of work. He was convicted of robbery not armed, Recorder's Court of Detroit, Joseph A. Gillis, J. Defendant appeals and claims: (1) the court's use of the "struck method" to impanel the jury constituted reversible error, (2) a jury chosen on a one day-one case basis deprived him of a fair trial by a seasoned and experienced jury, (3) the court erred in admitting evidence of six prior felony convictions for impeachment purposes, and (4) the court erred by refusing to give defendant's requested instruction on larceny in a building. *Held:*

1. The jury selection took place in open court with counsel having the opportunity to scrutinize the proceedings and to create a record. The court conducted a voir dire of all potential jurors. Defendant had the opportunity but did not submit additional questions. Counsel's initial confusion over the use of the "struck method" of impaneling the jury did not pervade the entire proceedings so as to prevent a competent voir dire. The manner of selecting the jury did not prejudice the defendant.

2. Defendant's argument regarding his deprivation of a seasoned and experienced jury is without merit because reversal of the convictions of every defendant brought by juries sitting on

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur 2d, Jury §§ 194, 212.

[2] 47 Am Jur 2d, Jury §§ 229, 267.

[3] 5 Am Jur 2d, Appeal and Error § 888.

   47 Am Jur 2d, Jury §§ 179, 189, 192, 195, 196.

[4] 47 Am Jur 2d, Jury § 153.

[5] 47 Am Jur 2d, Jury § 306 *et seq.*

[6] 29 Am Jur 2d, Evidence § 715.

   75 Am Jur 2d, Trial § 146.

[7] 5 Am Jur 2d, Appeal and Error §§ 802, 880 *et seq.*

[8] 29 Am Jur 2d, Evidence §§ 253, 329, 330.

[9, 11] 5 Am Jur 2d, Appeal and Error § 800.

[10] 75 Am Jur 2d, Trial § 876.

the first day of their 30-day period would be required if defendant's claim were upheld.

3. The trial judge fulfilled the necessary requirement of being aware that he possessed discretion to admit or exclude evidence of defendant's prior convictions for impeachment purposes. Reversal is not warranted for admitting evidence of the prior convictions unless there was an abuse of discretion. The remoteness of the prior convictions which are admitted into evidence may constitute an abuse of discretion. The more remote the conviction the less probative it is on the issue of credibility. However, any error in admitting evidence of remote convictions was harmless beyond a reasonable doubt. Defendant admitted taking the complainant's property, the evidence against him was overwhelming and even absent the error not a single juror might have voted for acquittal.

4. Failure to charge the jury on the offense of larceny in a building was harmless error. The court instructed on the lesser included offense of larceny from the person, which like larceny in a building is a larceny without the use of force. It is obvious that the jury, in convicting defendant of the greater offense of unarmed robbery, rejected defendant's theory that the larceny occurred without force.

Affirmed.

1. JURY — CRIMINAL LAW — JURY SELECTION — APPEAL AND ERROR — COURT RULES.

A substantial departure from the court rule governing jury selection is required before a criminal conviction will be reversed because the jury was improperly selected (GCR 1963, 511).

2. JURY — CRIMINAL LAW — JURY SELECTION — PREJUDICE.

A defendant should not be required to show prejudice before his challenge to a jury can be upheld where the events constituting his alleged claim of error occur prior to trial and outside of court supervision.

3. JURY — CRIMINAL LAW — JURY SELECTION — "STRUCK METHOD" — VOIR DIRE — PREJUDICE — APPEAL AND ERROR.

A defendant fails to establish prejudice in the selection of a jury sufficient for the reversal of his conviction where the jury selection took place in open court, the court conducted a voir dire of all potential jurors even questioning them individually, defendant did not submit additional questions for voir dire, although he had the opportunity to do so, and his attorney's initial confusion over the use of the "struck method" of impan-

eling the jury did not pervade the entire proceedings so as to prevent a competent voir dire.

4. JURY — COURTS — JURY SELECTION — "STRUCK METHOD" — COURT RULES.

A trial court should not substitute the "struck method" of impaneling a jury for the accepted procedure provided by a court rule (GCR 1963, 511.6).

5. JURY — CRIMINAL LAW — ONE DAY-ONE CASE — FAIR TRIAL — APPEAL AND ERROR.

The use of a jury chosen on a one day-one case basis cannot support a conclusion that a defendant's conviction should be reversed on the ground that he was deprived of a fair trial by a seasoned and experienced jury chosen for 30-day jury duty because to so hold would require reversal of the convictions of every defendant brought by juries sitting on the first day of their 30-day period.

6. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — IMPEACHMENT — JUDGE'S DISCRETION.

A trial court has discretion to exclude evidence of prior convictions for impeachment purposes, and it is error to fail to recognize this discretion and, therefore, to fail or to refuse to exercise it; however, the court need not specifically state that it is exercising its discretion if the record is clear that the court was aware that it possessed the discretion.

7. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — IMPEACHMENT — JUDGE'S DISCRETION — APPEAL AND ERROR — COURT RULES.

The admission of evidence of a defendant's prior convictions for impeachment purposes should not be a ground for reversal where the trial court identifies the use of its discretion or it is evident from the record that the trial court was aware that it had discretion to permit or exclude such evidence, unless admitting evidence of the prior convictions was otherwise an abuse of discretion (GCR 1963, 529.1).

8. CRIMINAL LAW — EVIDENCE — REMOTE PRIOR CONVICTIONS — ADMISSIBILITY — PROBATIVE VALUE — JUDGE'S DISCRETION.

Remoteness of a defendant's prior convictions is clearly relevant in determining whether to admit evidence of them; admission of evidence of remote convictions could constitute an abuse of court discretion because the more remote the conviction, the less probative it is on the issue of defendant's credibility.

9. Criminal Law — Evidence — Remote Prior Convictions —
   Admissibility — Harmless Error.

   The admission of evidence of a defendant's remote prior convic-
   tions was not grounds for reversal of his unarmed robbery
   conviction where the error complained of was harmless beyond
   a reasonable doubt because defendant admitted taking the
   complainant's property, the evidence against him was over-
   whelming and even absent the error not a single juror might
   have voted for acquittal.

10. Criminal Law — Instructions to Jury — Lesser Included
    Offenses — Larceny From a Building — Unarmed Robbery
    — Use of Force.

    Larceny in a building is distinguished from the greater offense of
    armed robbery by the additional element that the theft occur
    in a building and by absence of the use of force, and while it is
    not a necessarily included offense of armed robbery, it is a
    cognate lesser included offense; therefore, where a defendant
    was charged with armed robbery and the evidence at trial
    established a larceny, its occurrence in a building and defen-
    dant's denial of the use of force, the court had a duty to give a
    jury instruction on the lesser offense of larceny in a building.

11. Criminal Law — Instructions to Jury — Lesser Included
    Offenses — Unarmed Robbery — Larceny Without Force —
    Harmless Error.

    Failure to charge a jury on the lesser offense of larceny in a
    building in a trial for armed robbery was harmless error where
    the court did instruct the jury on the lesser included offense of
    larceny from the person, which also involves larceny without
    force, because the jury was able to consider and reject a lesser,
    similar charge incorporating the elements of larceny absent use
    of force, making it evident that the jury, in convicting the
    defendant of the greater offense of unarmed robbery, rejected
    the defendant's theory that the larceny occurred without force.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Principal
Attorney, Appeals, and *Nels L. Olson,* Assistant
Prosecuting Attorney, for the people.

*George Stone,* for defendant.

Before: D. C. RILEY, P.J., and M. F. CAVANAGH and B. M. HENSICK,* JJ.

M. F. CAVANAGH, J. Defendant was charged with armed robbery, MCL 750.529; MSA 28.797, in connection with the theft of the complainant's purse from her place of work. After a jury trial, defendant was convicted of robbery not armed, MCL 750.530; MSA 28.798, and appeals as of right.

Defendant argues that the trial court's use of the "struck method" to impanel the jury constituted reversible error. By court order dated one week before trial, the court informed the attorneys that the jury would be chosen according to the struck method approved in *Swain v Alabama,* 380 US 202; 85 S Ct 824; 13 L Ed 2d 759 (1965), and made the jury questionnaires available to them. Both defense counsel objected to the procedure on the day of trial.

At trial, 54 jurors were called and seated. After voir dire by the court, the prosecutor and the defense counsel alternated peremptory challenges, until a panel of 11 remained. Twenty more jurors were added to this panel and voir dired. The parties then continued alternating peremptories, until all defense peremptories were exhausted. From the 20 jurors remaining, 14 were impanelled as the jury, with 10 chosen from the first group and four from the second, in the order their names appeared on the jury list.

Jury selection procedures are governed by GCR 1963, 511. The struck method used in the case at bar departs from the court rule only in respect to § 6. Each time a peremptory was exercised, another juror was *not* seated and examined prior to proceeding. See GCR 1963, 511.6.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant does not base his challenge on prejudice inherent in this method; indeed, this charge could hardly be sustained in light of the reasoning in *Swain v Alabama, supra.* Rather, he argues that GCR 1963, 511 has repealed the struck method of jury selection and thus its use constitutes error. However, the method used in the case at bar differs significantly from the struck method set out in now-repealed MCL 618.43 *et seq.;* MSA 27.1023 *et seq.,* and appears never to have been specifically authorized by statute in this state. Nevertheless, it is unclear whether the departure from the provisions of GCR 1963, 511 is sufficiently grave to require the extreme remedy of reversal.

In a recently released opinion, *People v Miller,* 88 Mich App 210; 276 NW2d 558 (1979), another panel of this Court considered this identical issue and concluded that the defendant was not prejudiced by the use of the struck jury. However, the opinion did not discuss a number of cases that exist concerning the effect of a departure from the jury selection laws. In the most recent of these, *People v Gratz,* 35 Mich App 42; 192 NW2d 304 (1971), Judge, now Justice, LEVIN reversed defendant's conviction because of several violations of the Revised Judicature Act by the board compiling the jury list. The Court premised reversal of the conviction upon a fear that officials not trained in the law could shortcut procedures that appear to them to be unnecessary and upon his belief that it would be unfair to require a defendant to prove prejudice from these irregularities occurring outside court supervision. Several earlier cases cited in *Gratz, supra,* also have discussed statutory violations in the composition of the jury array and come to similar conclusions. See *People v Tonnelier,* 167 Mich 638; 133 NW 510 (1911), *Hewitt v*

*Saginaw Circuit Judge,* 71 Mich 287; 39 NW 56 (1888). The above cases also involved substantial departures from statutory requirements.

The above considerations do not necessarily apply to the case at bar. First, we do not view the departure from the court rule as so substantial as to require automatic reversal. This view notwithstanding, we would agree that where the events constituting the alleged error occur prior to trial and outside court supervision, a defendant ought not be required to show prejudice before his challenge to the jury can be upheld. The difficulties of tracing prejudice in such cases is evident. By contrast, however, in a jury selection taking place in open court, counsel have the opportunity to scrutinize the proceedings and to create a record. To require a showing of prejudice in such cases would not be onerous.

We do not think the defendant has established prejudice warranting reversal. The court conducted a voir dire of all potential jurors, at times questioning them individually. Defendant did not submit additional questions for voir dire, although he had the opportunity to do so. Neither did counsel's initial confusion pervade the entire proceedings to prevent a competent voir dire. We therefore decline to reverse on this issue. We would, however, caution trial courts against reading our decision as an indorsement for the struck jury method. Indeed, in the interest of order and efficiency, we would prohibit its use and the confusion it tends to create in the trial of any future cases.

Defendant also argues that the use of a jury chosen on a one day-one case basis deprived him of trial by a seasoned and experienced jury chosen for 30-day jury duty. This argument is without

merit. Were we to hold otherwise, the convictions of every defendant brought by juries sitting on the first day of the 30-day period would require reversal.

Defendant next contends that the trial court erred in admitting six prior felony convictions for impeachment purposes. The convictions complained of include three armed robbery convictions, in 1955, 1956, and 1964, and a prison escape conviction in 1966.

The trial court has the power to exercise its discretion to exclude prior convictions for impeachment purposes, and it is error for it to fail or to refuse to exercise it. *People v Jackson,* 391 Mich 323, 336; 217 NW2d 22 (1974). The trial judge must identify his exercise of discretion, *Boyd v Wyandotte,* 402 Mich 98, 103; 260 NW2d 439 (1977). However, the trial judge need not specifically state that he is exercising his discretion if the record is clear that he was aware that he possessed it. *People v Makidon,* 84 Mich App 287, 289; 269 NW2d 568 (1978).

In the instant case, the trial court excluded evidence of a prior conviction of a codefendant and carefully examined the record of the defendant prior to ruling on the motion to exclude. It is thus evident that the trial court was aware that it had the discretion to exclude evidence of the convictions; reversal is not warranted unless the court abused its discretion in admitting them. GCR 1963, 529.1.

Remoteness of prior convictions is clearly relevant in determining whether to admit prior convictions, since the more remote the conviction, the less probative it is on the issue of credibility. *People v Penn,* 71 Mich App 517, 519-521; 248 NW2d 602 (1976), *lv den* 400 Mich 813 (1977),

*People v Gunter,* 76 Mich App 483, 491; 257 NW2d 133 (1977), *People v Robinson,* 79 Mich App 145, 164-165; 261 NW2d 544 (1977), *lv den* 403 Mich 814 (1978). Admission of remote convictions may indeed constitute abuse of discretion. *Boyd v Wyandotte, supra,* at 104.

However, we are convinced that any error that occurred was harmless. *People v Adan,* 83 Mich App 326, 334; 268 NW2d 397 (1978). The evidence against the defendant was overwhelming and he admitted taking the complainant's property. We cannot find, therefore, that even absent the error complained of, one juror might have voted to acquit. *People v Adan, supra.*

Defendant next argues that the trial court erred by refusing to give his requested instruction on larceny in a building. The court then instructed the jury on the original charge, unarmed robbery and larceny from a person.

Larceny in a building, although not a necessarily included offense of armed robbery, *People v Ora Jones,* 395 Mich 379, 387; 236 NW2d 461 (1975), is a cognate lesser included offense. Larceny in a building is of the same class or category (theft offenses) as armed robbery, *People v Ora Jones, supra.* It is distinguished from the greater offense by its additional element that the theft occur in a building, and by the absence of the use of force. The evidence at trial established the larceny, its occurrence in a building and defendant's denial of the use of force. The trial court would thus have had a duty to charge under the rule enunciated in *People v Chamblis,* 395 Mich 408, 423; 236 NW2d 473 (1975).

However, the court did instruct the jury on the lesser included offense of larceny from the person, which also involves larceny without force, al-

though the property stolen must be in the possession or the immediate presence of the person. In convicting the defendant of the greater offense of unarmed robbery, it is evident the jury rejected defendant's theory that the larceny occurred without force. Because the jury was able to consider and rejected a lesser, similar charge incorporating the elements of larceny absent use of force, we conclude that the court's failure to charge the jury on larceny in a building constituted harmless error.

As to the issues remaining on appeal, we have reviewed the briefs and the record and conclude that reversal is not merited on any of these issues.

Defendant's conviction is affirmed.