PEOPLE v MILLER

PEOPLE v EWING

PEOPLE v DAVIS

Docket Nos. 62902, 62903, 62906, 62935. Decided June 19, 1981. On application by the defendants for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and remanded the case to Recorder's Court of Detroit for a new trial.

Dwjuan Miller, Kevin Ewing, and Michael Davis were jointly tried for first-degree murder and three counts of armed robbery in the Recorder's Court of Detroit, Joseph A. Gillis, J.; Miller and Davis were convicted on all counts and Ewing was convicted of second-degree murder and one count of armed robbery. Before the trial, the judge entered an order that the jury would be selected by a system similar to the "struck" jury system sometimes used in Federal courts and courts of other states, in which a large number of jurors are seated and examined together, and after all challenges for cause are exercised, peremptory challenges are exercised in rotation, and the top 14 of the remaining jurors in order of seating are the jury for trial. Defense counsel objected to the procedure on the ground that calling so many jurors at once would make it difficult to keep track of the answers given by individual jurors to voir dire questions, but the objection was overruled. The Court of Appeals, Allen, P.J., and Townsend, J. (Maher, J., dissenting in part), found a violation of the jury selection procedure required by the court rules, but declined to reverse in the circumstances of the case (Docket Nos. 77-824, 77-825, 77-939, and 77-945). The defendants apply for leave to appeal.

In a per curiam opinion signed by Justices Kavanagh, Williams, Levin, and Fitzgerald, the Supreme Court *held:*

A defendant is entitled to have the jury selected as provided by the rule. Where a selection procedure is challenged before selection begins, failure to follow the procedure prescribed in the rule requires reversal. The "struck jury method" or any system patterned after it is disapproved and may not be used in the future.

1. The court rule contemplates the seating and examination

of a panel of potential jurors equal in size to the jury that will hear the case. As a juror is challenged, either peremptorily or for cause, another will be seated before further challenges are exercised. The procedure used in this case was not in compliance with the rule.

2. Given the fundamental nature of the right to trial by an impartial jury, and the inherent difficulty of evaluating a claim of prejudice from the selection process, a requirement that a defendant demonstrate prejudice would impose an often impossible burden.

Reversed and remanded for a new trial.

Justice Moody, joined by Chief Justice Coleman and Justice Ryan, dissented. They would hold that in the circumstances of this case the method of jury selection does not mandate reversal, but agree that it may not be used hereafter.

88 Mich App 210; 276 NW2d 558 (1979) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy Scallen,* Assistant Prosecuting Attorney, for the people in *Miller* and *Davis;* and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for the people in *Ewing.*

*Lawrence R. Greene* for defendant Miller.

*Gerald S. Surowiec* for defendant Ewing.

*Thomas A. Law* for defendant Davis.

PER CURIAM. The defendants were charged with one count of first-degree murder and three counts of armed robbery as the result of a holdup of a restaurant in which the owner was shot to death. Defendants Miller and Davis were convicted on all counts, and defendant Ewing was found guilty of second-degree murder and one count of armed robbery. The Court of Appeals affirmed the convic-

tions. *People v Miller,* 88 Mich App 210; 276
NW2d 558 (1979).

Each defendant filed a request for review under
Administrative Order 1977-4, 400 Mich lxvii
(1977). We ordered the trial court to appoint coun-
sel for the defendants to prepare and file applica-
tions for leave to appeal, directing that certain
issues be briefed. The applications have been filed,
raising several issues. We reach only one, and
reverse because of the use of an improper jury
selection procedure.

I

More than five weeks before the scheduled start
of the trial, the trial judge entered an order de-
scribing the manner in which jury selection would
be conducted. It said in part:

"It is further ordered that the *struck* jury method
will be used to select the jury of 14. This method is
described in *Pointer v United States,* 151 US 396; 14 S
Ct 410; 38 L Ed 208 (1894), and *Swain v Alabama,* 380
US 202; 85 S Ct 824; 13 L Ed 2d 759 (1965).
"It is proposed that 80 prospective jurors will be
seated and examined. After all challenges for cause
(GCR [1963,] 511.4) are exercised, peremptory chal-
lenges will be exercised (GCR 511.5) in rotation. The top
14 jurors in order of seating will be sworn as the jury
for the trial."

Before the jury selection began, defense counsel
objected to this procedure on the ground that
calling so many jurors at once would make it
difficult to keep track of the answers given by
individual jurors to voir dire questions. The trial
judge rejected this argument, noting that he had
used the procedure a number of times and that it
is used in other jurisdictions.

Seventy-three jurors were initially called and questioned as a group by the trial judge. None was excused for cause. The prosecutor and three defense attorneys then exercised peremptory challenges in rotation until only 11 jurors remained, at which point an additional 37 jurors were called and questioned. The peremptory challenge process continued until there were no further challenges, and the 14[1] remaining jurors with the lowest numbers were selected to hear the case.

## II

The Court of Appeals affirmed the defendants' convictions.[2] The Court found a violation of the jury selection procedure provided by GCR 1963, 511. In particular, the jury selection did not comply with Rule 511.6:

"After a challenge for cause is sustained or a peremptory challenge exercised, another juror shall be selected and examined before further challenges are made. Such jurors shall be subject to challenge as are other jurors."

However, the Court declined to reverse. It found the evidence against the defendants overwhelming, and noted the failure of the defendants to raise the issue until just before the selection process began, despite the substantial notice given by the trial judge's order. The defendants' claim of prejudice was premised on the difficulty of remembering the responses of the various jurors, but the Court of Appeals found the use of similar selection systems in other jurisdictions sufficient to establish the practicability of the procedure. Finally, the

[1] Including provision for two alternate jurors. GCR 1963, 511.2.

[2] Judge MAHER dissented as to a number of points, but did not disagree with the majority as to this issue.

Court said that while there was a violation of Rule 511.6, the method used here did not violate the purpose of the rule. The Court interpreted that provision in the light of the usual practice of starting with a panel of 12 potential jurors. In that circumstance, subrule .6 ensures that the parties will not be required to exercise peremptory challenges against a panel of fewer than 12, protecting against dilution of the right to exercise peremptory challenges. In this case, the parties were always faced with a panel of at least 12, and for most of the selection process with a far larger one. This permitted them to identify all of the jurors they wished to challenge before exercising any challenges.

The Court concluded with the following caution to trial judges:

"Although the use of the struck jury method did not warrant reversal in this case, our opinion should not be read as an endorsement of the method. Our Supreme Court has provided for a method of impaneling a jury, and the surest way of avoiding error, particularly in the sensitive area of a defendant's right to a jury trial, is to follow the accepted method."[3] 88 Mich App 218-219.

## III

As the Court of Appeals noted, GCR 1963, 511 contemplates the seating and examination of a panel of potential jurors equal in size to the jury

[3] In a more recent case involving the same issue, the Court of Appeals again declined to reverse because of this jury selection procedure, but said:

"We would, however, caution trial courts against reading our decision as an indorsement for the struck jury method. Indeed, in the interest of order and efficiency, we would prohibit its use and the confusion it tends to create in the trial of any future cases." *People v Stein,* 90 Mich App 159, 165; 282 NW2d 269 (1979).

that will hear the case. As a juror is challenged, either peremptorily or for cause, another will be seated before further challenges are exercised. Obviously, the procedure used in this case was not in compliance with the rule.

Although the defendants' claims of confusion in the jury selection process are not implausible, we agree with the Court of Appeals that there is nothing in this record from which one could affirmatively find prejudice to the defendants from the selection process. However, given the fundamental nature of the right to trial by an impartial jury, and the inherent difficulty of evaluating such claims, a requirement that a defendant demonstrate prejudice would impose an often impossible burden. See *People v Gratz,* 35 Mich App 42; 192 NW2d 304 (1971). A defendant is entitled to have the jury selected as provided by the rule. Where, as here, a selection procedure is challenged before the process begins, the failure to follow the procedure prescribed in the rule requires reversal. The "struck jury method" or any system patterned thereafter is disapproved and may not be used in the future.

In view of the disposition of this issue, we find it unnecessary to reach the other questions presented in these applications.

Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, the judgment of the Court of Appeals is reversed, and the case remanded to the Recorder's Court for the City of Detroit for a new trial.

KAVANAGH, WILLIAMS, LEVIN, and FITZGERALD, JJ., concurred.

BLAIR MOODY, JR., J. *(dissenting).* We would

affirm the result reached by the Court of Appeals that the method of jury selection applied under the circumstances of this case does not mandate reversal.

We agree such a procedure of jury selection, however, may not be used hereafter.

COLEMAN, C.J., and RYAN, J., concurred with BLAIR MOODY, JR., J.