## PEOPLE v ADKINS

Docket No. 51415. Submitted November 3, 1981, at Lansing.—Decided July 12, 1982. Leave to appeal denied, 414 Mich 926.

Acy Adkins was convicted by a jury in Saginaw Circuit Court of possession of heroin and possession of marijuana and was sentenced, Fred J. Borchard, J. Defendant appeals. *Held:*

1. The trial court failed to follow the procedure outlined in the court rules for selection of jurors. Failure to follow the procedure requires reversal, and the fact that defense counsel failed to object to the procedure used until the close of the prosecution's case does not alter the result under the circumstances of this case. Defendant's conviction is reversed and the cause remanded for a new trial.

2. On remand, if the search and seizure question is raised at the new trial, the evidence was properly admitted in the first trial.

Reversed and remanded.

Bronson, P.J., dissented. He first states that defendant's contention that the trial court erred in failing to suppress heroin and marijuana found on defendant's person presents no basis for reversal. He then goes on to state that because defense counsel did not object to the "struck method" of jury selection used by the trial court before the process began, because the specific juror defense counsel desired to have removed ultimately did not participate in the deliberations, and because this trial was conducted prior to the case in which the Supreme Court held that trials conducted using struck methods of jury selection may have to be reversed even absent a timely objection from defense counsel, defendant's convictions need not be reversed.

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 47 Am Jur 2d, Jury § 237.
[2, 3] 47 Am Jur 2d, Jury § 236.
[3] 47 Am Jur 2d, Jury § 255.

Opinion of the Court

1. Criminal Law — Trial — Jury — Replacement of Jurors —
   Court Rules.

   A defendant's conviction may be reversed without a showing of
   prejudice where the trial court failed to follow the procedure
   outlined in the court rules for replacement of challenged jurors
   (GCR 1963, 511.6).

2. Criminal Law — Trial — Jury — Replacement of Jurors —
   Preserving Question — Court Rules.

   The Court of Appeals will reverse a defendant's conviction where
   the trial court did not follow the procedure outlined in the
   court rules for replacement of challenged jurors even though
   defense counsel failed to object to the procedure used before the
   process began if it was impossible or impractical for defense
   counsel to make an objection out of the presence of the jury
   (GCR 1963, 511.6).

Dissent by Bronson, P.J.

3. Criminal Law — Trial — Jury — Replacement of Jurors —
   Court Rules.

   A defendant's conviction need not be reversed on the basis that
   the trial court failed to comply with the procedure outlined in
   the court rules for replacement of challenged jurors where the
   defense counsel failed to object to the procedure used by the
   trial court before the process began, where the specific juror
   defense counsel unsuccessfully sought to have removed ulti-
   mately did not participate in the deliberations, and where the
   defendant's trial was conducted prior to the Supreme Court's
   decision that trials conducted using the "struck method" of
   jury selection might have to be reversed even absent a timely
   objection from defense counsel (GCR 1963, 511.6).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Kay F. Pearson,* Assistant Prosecuting Attorney, for the people.

*Karla Kendall,* Assistant State Appellate Defender, for defendant on appeal.

Before: Bronson, P.J., and T. M. Burns and J. T. Corden,* JJ.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

J. T. CORDEN, J. Defendant, Acy Adkins, was convicted following a jury trial of possession of heroin, MCL 333.7403(2)(a)(iv); MSA 14.15(7403) (2)(a)(iv), and possession of marijuana, MCL 333.7403(2)(d); MSA 14.15(7403)(2)(d), and was sentenced to concurrent terms of two to four years and one year, respectively, with seven days credit. Defendant appeals as of right.

Defendant raises two issues on appeal. The first issue relates to the jury selection process. Trial began on January 16, 1980, with jury voir dire. After 13 prospective jurors had been impanelled, both sides passed for cause. The prosecution then passed for peremptory challenge and defendant exercised a peremptory challenge. This procedure was repeated two more times. However, after defendant had exercised three of his five peremptory challenges, the prosecution then challenged a prospective juror and the trial judge immediately asked defendant if he had a peremptory challenge without replacing the challenged juror. Defendant immediately challenged a juror and two more prospective jurors were put in place of the two that had just been challenged. This procedure was repeated in the next round, and immediately afterward, two more prospective jurors were put in their place. Defendant, having exhausted his peremptory challenges, then attempted to challenge prospective juror James D. Dunlap for cause because Dunlap had worked in the United States Secret Service and knew some of the police involved. The challenge was denied. The prosecution failed to exercise any more of its peremptory challenges. At the end of the trial, Dunlap happened to be the 13th juror stricken from this panel. Defendant failed to object to the jury selection procedure until after the prosecution rested its case.

The trial court used the "struck method" for jury selection for the defendant's last two peremptory challenges. This method violates GCR 1963, 511.6, which requires that after a challenge for cause is sustained or a peremptory challenge exercised, another juror shall be selected and examined before further challenges are made. Not only did the jury selection violate the court rule, the violation clearly disfavored the defendant because he was required to exercise two peremptory challenges from a smaller group of potential jurors.

Although this Court previously took the view that a showing of prejudice was needed to reverse a defendant's conviction for violation of this court rule,[1] this position has clearly been rejected by our Supreme Court in *People v Miller,* 411 Mich 321; 307 NW2d 335 (1981). In *Miller,* the trial court entered an order describing the manner in which jury selection would be conducted more than five weeks before trial. Defense counsel objected to the procedure *before jury selection began.* Although the procedure violated GCR 1963, 511.6, this Court affirmed the defendant's conviction because no prejudice was shown. Our Supreme Court agreed that there was nothing in the record from which one could affirmatively find prejudice; nevertheless, the Court reversed the defendant's convictions, reasoning that, given the fundamental nature of the right to trial by an impartial jury and the inherent difficulty of evaluating claims of prejudice, a requirement that a defendant demonstrate prejudice would impose an often impossible burden. The Court held that the failure to follow the procedure prescribed in the court rule requires reversal.

---

[1] *People v Stein,* 90 Mich App 159; 282 NW2d 269 (1979), *lv den* 411 Mich 880 (1981), *People v Miller,* 88 Mich App 210; 276 NW2d 558 (1979), *rev'd* 411 Mich 321; 307 NW2d 335 (1981). *Contra, People v Gratz,* 35 Mich App 42; 192 NW2d 304 (1971).

*Miller* requires the reversal of the defendant's conviction in this case. The fact that Mr. Dunlap was stricken from the jury before deliberations began is irrelevant. Potential for prejudice affected the entire jury selection procedure, not just defense counsel's inability to exercise a peremptory challenge for one particularly objectionable juror. Each time the prosecutor exercised a peremptory challenge he faced a full panel of 13 jurors, whereas twice defense counsel was directed to exercise a challenge when only 12 prospective jurors were present. This diluted the effectiveness of defense counsel's use of the peremptory challenges.

The people argue that defense counsel's failure to object precludes reliance on the improper jury selection procedure on appeal. In *People v Miller, supra,* the Supreme Court specifically stated: "Where, as here, *a selection procedure is challenged before the process begins,* the failure to follow the procedure prescribed in the rule requires reversal". (Emphasis added.) 411 Mich 321, 326. The facts in this case differ, however, in a very significant way from the *Miller* situation. In *Miller,* the trial court revealed the jury selection procedure more than five weeks before trial. Defense counsel had ample opportunity to object before jury selection in that case. In this case, however, defense counsel had no indication before trial that the struck method would be used. Indeed, jury selection proceeded in compliance with the court rule until the prosecutor exercised his first peremptory challenge. Defense counsel had no opportunity to object before jury selection began.

To require defense counsel to object to the procedure after jury selection began would be unfair to the defendant. Jury selection is probably the most

sensitive part of a trial. The courtroom is often full of potential jurors. An objection made in their presence could create the unfavorable impression in their minds that defense counsel is an obstructionist or that he is nit-picking. Yet to require all prospective jurors to leave the courtroom while defense counsel argues his objection might appear dilatory and tend to make them hostile to the defense. We note that defense counsel in this case did object, albeit at the close of the prosecution's case. Defense counsel did not wait for an unfavorable jury verdict before voicing his objection.

We emphasize the narrowness of our holding with respect to the failure to object. Where it is impossible or impractical to make an objection out of the presence of the jury we will reverse for failure to comply with the court rule.

We reverse the defendant's conviction and remand for a new trial. Should the search and seizure question be raised at the new trial, we find that the evidence was properly admitted for the reasons set out in Judge BRONSON's opinion. We note that the question has not been raised whether the courts of this state should reject the United States Supreme Court's decision in *Michigan v Summers,* 452 US 692; 101 S Ct 2587; 69 L Ed 2d 340 (1981), on the independent state grounds that the Michigan Constitution affords greater protection than the United States Constitution. Since the question has not been raised, we will not answer it, but our decision does not prevent the question from being raised in a future case.

Reversed and remanded for a new trial.

T. M. BURNS, J., concurred.

BRONSON, P.J. *(dissenting).* Following a jury trial in the Saginaw County Circuit Court, defendant

was convicted of possession of heroin, MCL 333.7403(2)(a)(iv); MSA 14.15(7403)(2)(a)(iv), and possession of marijuana, MCL 333.7403(2)(d); MSA 14.15(7403)(2)(d). He was sentenced to concurrent terms of imprisonment of from two to four years for possession of the heroin and one year for possession of the marijuana. Defendant now appeals as of right.

Defendant, citing the Michigan Supreme Court opinion in *People v Summers,* 407 Mich 432; 286 NW2d 226 (1979), contends that the trial court erred in failing to suppress heroin and marijuana found on his person. We agree with defendant that the facts of this case are strikingly similar to those of *Summers.* However, the United States Supreme Court reversed the decisions of the Michigan appellate courts and found the search in *Summers* to be lawful. *Michigan v Summers,* 452 US 692; 101 S Ct 2587; 69 L Ed 2d 340 (1981). Given the United States Supreme Court decision in *Summers,* this assignment of error presents no basis for reversal.

Defendant also contends that the "struck method" used to impanel the jury at his trial requires reversal. The method of selecting a jury in issue departed from GCR 1963, 511.6, in that each time a prospective juror was removed by peremptory challenge, another potential juror was not immediately called to fill the removed venireman's place. Thus, defendant was called upon to exercise peremptory challenges when less than a full jury panel was constituted. In this case, pursuant to this method, defendant had exhausted his peremptory challenges by the time a potential juror who had worked for the United States Secret Service and who knew some of the police involved in the arrest was selected. Defendant's challenge for cause was rejected by the court. However,

before the jury began its deliberations, this juror was removed by lot and did not participate in the process of reaching a verdict.

In light of the Michigan Supreme Court decision in *People v Miller,* 411 Mich 321; 307 NW2d 335 (1981), this issue is extremely close. In *Miller,* the Supreme Court held that a defendant need not establish that he was prejudiced by the jury selection where GCR 1963, 511 is not complied with. The Court also said, however:

"A defendant is entitled to have the jury selected as provided by the rule. Where, as here, a selection procedure is challenged before the process begins, the failure to follow the procedure prescribed in the rule requires reversal. The 'struck jury method' or any system patterned thereafter is disapproved and may not be used in the future." *Id.,* 326.

Unlike the situation in *Miller,* here defendant did not object to the struck method used to select his jury until after the prosecution rested its case. We also note that in this case, the specific juror defendant's trial counsel desired to have removed ultimately did not participate in the deliberations. While trials conducted after the decisional date of *Miller* using struck methods of jury selection may have to be reversed even absent a timely objection from defense counsel, the trial in this case was conducted some 18 months before *Miller.* For these reasons, I would conclude that defendant's convictions need not be reversed.