TAYLOE, C.J.
(dissenting in part and concurring in part). I respectfully dissent from the lead opinion’s conclusion that defense counsel provided race-conscious reasons for the two peremptory challenges the trial court refused to allow him to exercise. Rather, I agree with Justice KELLY’s dissent that defense counsel’s comments were intended only to challenge the idea that a prima facie showing of discrimination had been made. Thus, defense counsel’s comments were legitimate and directed only at Batson’s first step. Thereafter the trial court did not follow the Batson v Kentucky, 476 US 79; 106 S Ct 1712; 90 L Ed 2d 69 (1986), requirement that it allow defendant the opportunity to articulate a race-neutral explanation for the challenges. Accordingly, I conclude that the trial court erroneously deprived defendant of two of his peremptory challenges.
As noted by the lead opinion, peremptory challenges are granted to a defendant by statute and by court rule-not by the United States Constitution or the Michigan Constitution. Denial of the statutory right requires *302 reversal of a conviction only if it resulted in a miscarriage of justice. MCL 769.26. Thus, I concur with the lead opinion that the denial of a statutory peremptory challenge is subject to harmless error review and that People v Schmitz, 231 Mich App 521; 586 NW2d 766 (1998), must be repudiated to the extent that it held to the contrary. Applying this standard, I find defendant is not entitled to a new trial. I specifically join footnote 18 of the lead opinion because I am persuaded that foreign cases that have concluded that the denial of a statutory right to a peremptory challenge requires automatic reversal were wrongly decided. An automatic reversal should not be required for the mere violation of a statutory right just because the trial court misperceived defense counsel’s effort to peremptorily strike two prospective jurors as a constitutional Batson violation.[1]
To the extent that the error is considered to have violated our court rule, the denial is not grounds for granting a new trial unless refusal to grant a new trial is inconsistent with substantial justice. MCR 2.613(A). Applying this standard, I find defendant is not entitled to a new trial.
*303 I also join the lead opinion in questioning the continuing viability of People v Miller, 411 Mich 321; 307 NW2d 335 (1981).
Because I find that the error here was harmless, under both MCL 769.26 and MCR 2.613(A), I agree with the lead opinion that the Court of Appeals decision must be reversed and defendant’s convictions should be reinstated.

 I do, however, recognize that if a statutory right is denied in a manner that violates equal protection or due process guarantees that such denial may warrant a new trial. As the United States Supreme Court stated in Evitts v Lucey, 469 US 387, 401; 105 S Ct 830; 83 L Ed 2d 821 (1985):
[A]lthough a State may choose whether it will institute any given welfare program, it must operate whatever programs it does establish subject to the protections of the Due Process Clause. Similarly, a State has great discretion in setting policies governing parole decisions, but it must nonetheless make those decisions in accord with the Due Process Clause. In short, when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution — and, in particular, in accord with the Due Process Clause. [Citations omitted.]