CAVANAGH, J.
(dissenting). I dissent from the majority’s decision and I agree with the result reached in Justice Kelly’s dissent. I would likewise conclude that the trial court erred by collapsing the three steps of Batson v Kentucky, 476 US 79; 106 S Ct 1712; 90 L Ed 2d 69 (1986), into one. See, e.g., Purkett v Elem, 514 US 765, 768; 115 S Ct 1769; 131 L Ed 2d 834 (1995). Further, the trial court erred when it failed to allow defendant an opportunity to articulate race-neutral explanations for the challenges. When defense counsel was finally allowed an opportunity to speak, I agree with Justice KELLY and Chief Justice TAYLOR that defense counsel’s comments were directed at Batson’s first step. Thus, I would conclude that the trial court’s failure to follow Batson was error and defendant was improperly denied the use of his peremptory challenges because the trial court misapplied that decision.
Because the trial court erroneously denied the peremptory challenges on Batson grounds, and Batson error is subject to automatic reversal and not amenable to harmless error review, I would conclude that defendant is entitled to a new trial. See, e.g., United States v McFerron, 163 F3d 952, 956 (CA 6, 1998) (“[W]e find that harmless error analysis is not applicable to the district court’s erroneous application of the three-step Batson test and the improper denial of [the defendant’s] peremptory challenges.”).
Further, I agree with Justices WEAVER and KELLY that the majority’s dicta regarding People v Miller, 411 Mich 321; 307 NW2d 335 (1981), and People v Schmitz, 231 *323 Mich App 521; 586 NW2d 766 (1998), is inappropriate given the majority’s conclusion that the trial court ultimately did not err.
For these reasons, I must respectfully dissent from the majority’s decision. Accordingly, I would affirm the decision of the Court of Appeals.