# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KEEGAN WILLIAM KANGAS,

        Defendant-Appellant.

UNPUBLISHED
December 8, 2015

No. 323088
Chippewa Circuit Court
LC No. 13-001293-FH

---

Before: SAAD, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

A jury convicted defendant of two counts of third-degree criminal sexual conduct (CSC III) (sexual penetration with a person between 13 and 15 years old), MCL 750.520d(1)(a). He was sentenced to concurrent terms of 5 to 15 years' imprisonment. We affirm.

Two complainants, KH and HC, testified to sexual activity that included penile-vaginal penetration with defendant when they were 13 years old and defendant was 20 years old. Subsequent to the sexual activity, both were screened for sexually transmitted infections by a school nurse, and the test results were positive for chlamydia. The complainants named defendant as the individual with whom they engaged in sexual intercourse, and the nurse reported it to the authorities.

The jury deliberated for just over three hours before announcing that it was deadlocked. The trial court then gave the deadlocked jury instruction, M Crim JI 3.12, and after further deliberations, the jury returned a guilty verdict. Prior to sentencing, defendant moved for a mistrial based on an affidavit from one of the jurors alleging that another juror had bullied and intimidated jurors, who otherwise would have voted to acquit, into voting "guilty." In denying defendant's motion, the trial court observed that each juror had received a copy of the deadlocked jury instruction, which included the direction that none of the jurors " 'should give up [their] honest beliefs about the weight or effect of the evidence, only because of what your fellow jurors think or only for the sake of reaching an agreement.' " The trial court noted that no one had asked for clarification of the instructions, nor had anyone passed a note to the court during deliberations informing the court of the juror's allegedly bullying behavior. Finally, the trial court observed that when polled, each juror unhesitatingly gave his or her verdict as "guilty," and that when the trial judge specifically asked the jurors after the trial if there was anything the court should be aware of, no one voiced any concerns.

-1-

Defendant contends on appeal that his right to a fair trial was violated when the trial court denied his motion for a new trial on the grounds of juror misconduct. We disagree. The trial court's decision regarding a motion for new trial is reviewed for an abuse of discretion. *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014). An abuse of discretion occurs when the decision is outside the range of principled outcomes. *People v Jones*, 497 Mich 155, 161; 860 NW2d 112 (2014). We review the trial court's factual findings for clear error. *People v Douglas*, 496 Mich 557, 566; 852 NW2d 587 (2014). A finding is clearly erroneous "if the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Johnson*, 466 Mich 491, 497-498; 647 NW2d 480 (2002).

A defendant who chooses to be tried by a jury has a right to a fair and impartial trial. *Duncan v Louisiana*, 391 US 145, 153; 88 S Ct 1444; 20 L Ed 2d 491 (1968); *People v Miller*, 411 Mich 321, 326; 307 NW2d 335 (1981). Consistent with this right, jurors may only consider the evidence presented in open court, and the consideration of extraneous facts not introduced in evidence deprives a defendant of his right of confrontation, cross-examination, and the effective assistance of counsel. *People v Stokes*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 321303), slip op at 2. To establish improper influence of the jury, a defendant must prove that the jury was exposed to an extraneous influence and there is a real and substantial possibility that it could have affected the jury's verdict. *Id*. The traditional rule precludes admission of juror testimony to impeach a jury verdict, and the only exception is a challenge to the jury verdict because of the affect from extraneous influences. *People v Fletcher*, 260 Mich App 531, 539; 679 NW2d 127 (2004). "However, where the alleged misconduct relates to influences internal to the trial proceedings, courts may not invade the sanctity of the deliberative process." *Id*. This rule reflects a matter of significant policy considerations; to allow juror testimony to impeach a verdict would cause juror harassment by the defeated party in an attempt to establish misconduct to set aside the verdict. *Id*. at 539-540.

When a party challenges the validity of a verdict, "[a] juror's affidavit or evidence of any statement by the juror may not be received on a matter about which the juror would be precluded from testifying." MRE 606(b). While a juror may testify to "whether extraneous prejudicial information was improperly brought to the jury's attention," or "whether any outside influence was improperly brought to bear upon any juror," a juror may not testify "as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or to dissent from the verdict . . . or concerning the juror's mental processes in connection therewith. . . ." MRE 606(b). The affidavit defendant relies on refers neither to "extraneous prejudicial information" nor to an "outside influence." Rather, the affiant attested to matters and statements "occurring during the course of the jury's deliberations." This cannot be utilized to invade the deliberative process and set aside the verdict. *Fletcher*, 260 Mich App at 539-540.

Furthermore, the court read and each juror received a copy of the deadlocked jury instruction, which emphasized that jurors were not to abandon their honest beliefs solely on the basis of what another juror thought or simply to reach a unanimous verdict. At no time during or immediately after the proceedings did anyone question these instructions or raise any concerns about the deliberative process. *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011) ("[J]urors are presumed to follow their instructions, and it is presumed that instructions

-2-

cure most errors."). Accordingly, this claim of error does not entitle defendant to appellate relief.

Defendant also contends that the evidence presented at trial was insufficient to support his conviction because no reasonable juror could have found him guilty based on the complainants' testimony alone. We review a defendant's challenge to the sufficiency of the evidence de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). "In reviewing the sufficiency of the evidence in a criminal case, we must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt." *People v Hoffman*, 225 Mich App 103, 111; 570 NW2d 146 (1997). "Due process requires that, to sustain a conviction, the evidence must show guilt beyond a reasonable doubt." *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010).

MCL 750.520d(1)(b) provides that a person is guilty of CSC III if the person engages in sexual penetration with a person who is "at least 13 years of age and under 16 years of age." Sexual penetration means, among other things, penile penetration of the victim's vaginal opening. MCL 750.520a(r). Consistent with these statutes, the court instructed the jury that in order to prove that defendant committed the charged CSC III, the prosecution had to prove beyond a reasonable doubt that defendant engaged in a sexual act involving insertion of his penis into the genital opening of the complainants, and that the complainants were 13, 14, or 15 years old at the time.

KH testified that defendant put his penis into her vagina when she was 13 years old. HC also testified that defendant put his penis in her vagina when she was 13 years old. MCL 750.520h provides "[t]he testimony of a victim need not be corroborated in prosecutions under sections 520b to 520g." The complainants' credibility was for the jury to determine, see *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992), amended on other grounds 441 Mich 1201 (1992), and the verdicts indicate that the jury chose to believe them. Accordingly, "there was evidence that the jury, sitting as the trier of fact, could choose to believe and, if it did so believe that evidence, that the evidence would justify convicting defendant." *People v Smith*, 205 Mich App 69, 71; 517 NW2d 255 (1994).

Finally, defendant contends that the trial court erred in scoring offense variable (OV) 3 at 10 points where no evidence was presented at trial that he injured the complainants by infecting them with chlamydia. We review a trial court's factual determinations for clear error and its application of the facts to the law de novo. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). The trial court's factual findings must be supported by a preponderance of the evidence. *Id*. A finding is clearly erroneous if we are "left with a definite and firm conviction that a mistake has been made." *Johnson*, 466 Mich at 497-498.

OV 3 addresses physical injury to the victim and 10 points are assessed if the victim suffered a bodily injury requiring medical treatment. MCL 777.33(1)(d). Both complainants testified to having sexual intercourse with defendant. Thereafter, KH went to the school nurse for a pregnancy test. Although her pregnancy test was negative, she tested positive for chlamydia, and when questioned by the nurse in the context of the test results, named defendant as her sexual partner. Additionally, KH advised defendant that she was not pregnant, and he

expressed his disappointment. The school nurse testified that the incubation period for chlamydia was two to three weeks. KH urged HC to be tested, who also tested positive for chlamydia. When the nurse questioned HC about her sexual partner, she, too, named defendant. Although there was no evidence that defendant was infected with chlamydia, the preponderance of the circumstantial evidence offered supported the score.

Affirmed.

/s/ Henry William Saad
/s/ Cynthia D. Stephens
/s/ Colleen A. O'Brien